ALBERT 'BEEM v. JOHN H. PALMER, CIRCUIT JUDGE OF
NEWAYGO COUNTY.

*Practice in circuit court—Assumpsit—Appeal—Nonsuit—Costs—
Trial fee—Discretion of court—Taxation.*

1. How. Stat. § 9004, which provides for the allowance to the
prevailing parties in suits at law, commenced or brought into
the circuit court by appeal or otherwise, of-certain attorney's
fees, fixes the fee for the trial of an issue of fact in an action
of *assumpsit* at $10.

2. The issue of law referred to in the provision of the statute giv-
ing an increased attorney fee for the trial of issues of fact and
law, when tried at the same time or term, is an issue framed
upon the record.

3. Where the plaintiff in an appeal case submits to a nonsuit at
the circuit after the testimony has been taken and the argu-
ment begun, and the court awards full costs to the defendant,
its discretion under How. Stat. § 7026, to award the costs, or
such part thereof as it may deem just and right, to either of
the parties, in view of the particular circumstances of each
case, is at an end, and it is the duty of the clerk to tax the
costs, including a trial fee, at the amount provided by statute;
and on appeal from his taxation the power of the court is
limited to a correction of the errors of the clerk, if any.

*Mandamus.* Argued October 31, 1893. Granted in part
November 1, and opinion filed November 10, 1893.

Relator was sued in justice's court in an action of
*assumpsit*, and from a judgment in his favor for costs
plaintiffs appealed to the circuit, and upon the trial volun-
tarily submitted to a nonsuit, whereupon a judgment for
costs was entered in favor of relator. The costs, as taxed
by the clerk, included a trial fee of $15. Plaintiffs
appealed from the taxation, claiming this item to be exces-
sive and unauthorized, and respondent struck the same from
the taxed bill. Relator applies for a *mandamus* to compel

respondent to reinstate the item, claiming to be entitled thereto under How. Stat. §§ 8967, 9004, the practice prevailing in that circuit of taxing a trial fee of $15 in an action of *assumpsit;* while respondent contends that under How. Stat. § 7026, the question of costs was discretionary.

*W. D. Fuller,* for relator.

*W. D. Leonardson,* for respondent.

PER CURIAM.   The writ will be granted requiring the respondent to tax an attorney fee of $10 as for the trial of an issue of fact, the trial having been commenced, testimony taken, and argument begun before nonsuit. The court having awarded full costs to relator, its power to exercise a discretion was at an end, and it became the duty of the clerk to tax the same at the amount provided by statute; and on appeal from his taxation the power of the court was limited to a correction of the clerk's errors, if any.

Under How. Stat. § 9004, the fee fixed for the trial of an issue of fact in an action of *assumpsit* is $10.   The term "issue of fact" is to be construed in its ordinary sense. It cannot be said that, as a trial of an issue of fact may, as it generally does, involve the consideration by the court of questions of law, therefore the prevailing party is entitled to tax a $15 trial fee in an action of *assumpsit.* The issue of law named in the statute is an issue framed upon the record.