WEAVER v. SHEVITZ.

1. EXECUTORS AND ADMINISTRATORS—PARTIES—FORECLOSURE—MORT-
   GAGES.
   Neither foreign executor nor his assignee may maintain pro-
   ceeding in this State to foreclose real estate mortgage belong-
   ing to decedent, but proceeding must be brought by adminis-
   trator appointed in this State.

2. SAME—REAL PARTY IN INTEREST—ASSIGNMENTS.
   Administrator appointed under ancillary probate in this State
   was real party in interest in proceedings to foreclose mortgage
   belonging to decedent, even if distribution agreement and
   order of probate court in foreign State amounted to assign-
   ment.

Appeal from Wayne; Hart (Ray), J., presiding.
Submitted January 14, 1931. (Docket No. 124, Cal-
endar No. 35,453.) Decided February 27, 1931.

Bill by Ronald R. Weaver, administrator of the
estate of William H. Miller, deceased, against Jacob
Shevitz and others to foreclose a mortgage on real
estate. Decree for plaintiff. Defendants appeal.
Affirmed.

*Matthew H. Bishop,* for plaintiff.

*Finkelston, Lovejoy & Kaplan (Henry Glicman,*
of counsel), for defendants.

FEAD, J. This is a suit for foreclosure of a real
estate mortgage. The only question is whether the
plaintiff is the real party in interest.

The mortgage was executed in 1917 to William
Miller, a resident of Pennsylvania. Mr. Miller died
in a few months and his will was probated in the
orphans' court of his domicile. Some time later his

widow and children executed a distribution agreement different from the terms of the will and providing that the estate be assigned to the Armstrong County Trust Company to pay debts and hold the balance, the income to be paid the mother during her lifetime and at her death the *corpus* to be divided among the children. An order of court was made in harmony with the terms of the agreement, and directed the executors to transfer the estate to the trust company, which was done. Mrs. Miller died in 1924. A partial distribution was made shortly thereafter, and again in 1925, the note and mortgage at bar being the only property since retained by the trust company.

In 1928, ancillary probate was had in Wayne county in this State, and plaintiff appointed administrator. The trust company assigned the mortgage to him. He commenced this suit.

Defendants' contention is that the distribution agreement and order of court thereon constituted an assignment of the mortgage to the children of decedent and that they are the proper parties to foreclose. Assuming, although it may be seriously doubted, that the proceedings in Pennsylvania constituted such assignment, nevertheless defendants' contention is untenable. Neither a foreign executor nor his assignee can maintain proceedings in this State to foreclose a real estate mortgage belonging to decedent. The proceeding must be brought by an administrator appointed in this State. *Reynolds v. McMullen,* 55 Mich. 568 (54 Am. Rep. 386); *McIntire v. Conrad,* 93 Mich. 526.

Plaintiff is the real party in interest and decree of foreclosure is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.