RUSSELL v GLANTZ

1. Vendor and Purchaser—Land Contracts—Summary Proceed-
   ing—Forfeiture of Land Contract—Trial Court's Discre-
   tion.

   There is no discretion in a trial court in a summary proceeding
   for forfeiture of a land contract where a breach therein is not
   in dispute and the parties have, by the terms of the land
   contract, provided for acceleration upon default (GCR 1963,
   117.2[2][3]).

2. Statutes—Construction of Statutes—Circuit Court Stenogra-
   pher—Appropriate Fees—Transcripts—Trial Court Pro-
   ceedings.

   A court reporter's fee of 30 cents per page for copies of the
   original transcript of the trial court proceedings was proper
   where the statute provides that circuit court stenographers
   may demand a maximum fee of "25 cents per original folio and
   10 cents for each copy thereof"; the word "thereof" in the
   statute refers back to the word "folio"; and since there are
   three folios per page the approximate rate is 30 cents per page
   (MCLA 600.2543).

3. Costs—Circuit Court Stenographers—Costs of Retaining
   Counsel—Motions—Counsel's Failure to Appear.

   A trial judge properly awarded a court reporter her costs incur-
   red in retaining counsel where the defendant failed to appear
   in court on his motion to compel reimbursement of a steno-
   graphic fee; court rules provide for awarding of costs to the
   adverse party for reasonable expenses incurred in proving or
   disproving unwarranted allegations (GCR 1963, 111.6).

Appeal from Oakland, John N. O'Brien, J. Sub-
mitted Division 2 November 8, 1974, at Detroit.
(Docket No. 18755.) Decided November 27, 1974.
Leave to appeal applied for.

References for Points in Headnotes
[1] 55 Am Jur 2d, Vendor and Purchaser § 617.
[2, 3] 20 Am Jur 2d, Costs § 56 *et seq.*

Complaint by Donna M. Russell and Dorolyn A. Shaw against Gabriel Glantz and Steven J. Glantz for foreclosure of land contract. Summary judgment for plaintiffs. Defendants' motion for order to compel reimbursement of monies advanced to court reporter denied and costs of retaining counsel on the motion awarded to respondent court reporter. Defendants appeal. Affirmed.

*Robert J. Adams,* for plaintiffs.

*Gabriel Glantz,* for defendants.

*Lawson & Anderson,* for respondent court reporter.

Before: J. H. GILLIS, P. J., and ALLEN and PETERSON,* JJ.

J. H. GILLIS, P. J. Defendants appeal as of right from an order entered on October 3, 1973, granting the plaintiffs' motion for summary judgment, GCR 1963, 117.2(2), on the grounds that the defendants had failed to state a valid defense to a complaint for the foreclosure of a land contract. The case also involves defendants' dispute with the court reporter over the costs of providing certain transcripts and the court's award of attorney fees in connection therewith.

On March 17, 1969, Dorothy Champagne, the vendor, sold the subject property on land contract to Edmund and Simonne Russell. The purchase price was $9,000 with a down payment of $500, the balance to be paid monthly in $90 installments. The instrument contained an acceleration clause which gave the seller the power to declare the unpaid balance immediately due and payable

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whenever the buyer was in default for a period of 45 days or more.

The Russells assigned their interest in the property to defendant, Gabriel Glantz, a Detroit attorney, by written instrument dated March 10, 1971. At that time the unpaid balance was $7508.25.

Defendant apparently made only one installment on the contract and then fell into default. The original vendor on the land contract, Dorothy Champagne, died on November 13, 1971, and by that time defendant was seven payments in arrears. Plaintiffs in this action, one of whom was the executrix of the decedent's estate, succeeded to the vendor's interest in the contract under the terms of decedent's will. They filed a complaint for foreclosure of the land contract in February of 1973 and stated therein their election to accelerate the principal balance due under the land contract. At that time defendant was in default to the extent of 23 payments, or $2070.

The defendant maintains that shortly after the vendor's death he received a telephone call from a party who identified himself as the husband of one of the plaintiffs. when the party requested that payments on the land contract be sent to his wife, defendant responded that he would not do so until he received the appropriate written order from probate court. That he did not receive such an order appears to be his only defense to the foreclosure action. The trial judge granted plaintiffs' motion for summary judgment and ordered the payment of $7462.05 plus $1328.75 and $120 as costs.

Following the filing of the claim of appeal, defendant ordered copies of the transcript of the proceedings from the court reporter, Sheila Steinhoff, respondent herein. He was charged 75¢ a

page for the original and 30¢ a page for each of the five copies he ordered, for a total of $67.50. He claimed that he should have been charged only 10¢ a page for the five copies. Being unable to reach agreement with the court reporter, defendant filed a motion to compel reimbursement in May of 1974. On the date set for hearing respondent appeared in court with her attorney; however, defendant failed to appear to argue his own motion. For that reason the trial court entered an order requiring the defendant to remit $50 to the court reporter's attorney.

Both plaintiffs and defendants have used different verbiage in the questions presented for our review so we have restated the issues as we perceive them.

1) Did the defendants raise a valid defense to a land contract foreclosure action sufficient to withstand a summary judgment motion?

2) Did the trial court properly deny defendants' motion to compel reimbursement of an alleged usurious stenografic fee?

3) Did the trial court properly assess defendant attorney fees for his failure to appear on his motion for reimbursement?

1) Defendant does not offer a "traditional" defense to this suit for foreclosure, such as fraud, misrepresentation, payment or release. Instead, his explanation for failing to make the required installment payments is that he was entitled to a written notice after the death of the vendor indicating the successors in interest. However, no attempt was made to justify his failure to remit the seven payments which were due prior to the land contract vendor's death.

The defendant cites only one "authority" for his rather illusory defense, an inapplicable section of

CJS, under the topic "Assignments". His argument is that a debtor is entitled to notice of an assignment. He fails to understand, however, that the transfer of the land contract vendor's interest to plaintiffs was not an assignment.

"The term assignment ordinarily imports a transfer by one existing party to another existing party and therefore does not include a devise or legacy." 6 CJS, Assignments, § 2, p 1048.

Upon the death of Dorothy Champagne, plaintiffs herein succeeded to their mother's vendor's interest in the land contract according to its terms and provisions of the will. *Cf. In re McBride's Estate,* 253 Mich 305; 235 NW 166 (1931). It was plaintiffs' option at that time to immediately foreclose on the contract, MCLA 707.19; MSA 27.3178(399); *cf. Weaver v Shevitz,* 253 Mich 535; 235 NW 244 (1931), or to invoke the acceleration clause and declare the entire unpaid balance due.

Plaintiffs deferred the assertion of their contractual rights until the filing of the complaint for foreclosure. In so delaying they did not prejudice their acceleration rights under the contract, nor were they estopped from foreclosing. *Piech v Beaty,* 298 Mich 535; 299 NW 705 (1941).

Defendant has not demonstrated a defense to this action; his argument is without merit. Plaintiffs' motion for summary judgment was, therefore, properly granted since the material facts were not in dispute and defendants failed to state a valid defense to the foreclosure suit. GCR 1963, 117.2(2), (3).

"There is no discretion in a trial court in a summary proceeding for forefeiture of a land contract where a breach therein is not in dispute and the parties have, by the terms of the land contract, provided for accelera-

tion upon default." *Larson v Pittman,* 3 Mich App 348, 352; 142 NW2d 479, 481 (1966).

2) The second issue was withdrawn orally on the date of submission by defendants-appellants and a memorandum has been filed in which defendants-appellants concede that this issue is without merit. We discuss it nevertheless since it has been briefed by each of the parties and no motion has been filed withdrawing said issue from our consideration.

MCLA 600.2543; MSA 27A.2543,[1] provides that circuit court stenographers may demand a maximum fee of " * * * 25 cents per original folio and 10 cents for each copy thereof * * * ". The term "folio" is defined in MCLA 600.2510; MSA 27A.2510, which states further that:

"(2) When used as a measure for computing fees or compensation, 'page' means 3 folios."

The parties are in agreement that 75¢ per page is a proper amount for the original transcript. This figure was apparently calculated by applying MCLA 600.2543; MSA 27A.2543. However, defendants had contended they are obliged to pay only 10¢ per page for copies of the transcript, while respondent court reporter argues that the appropriate rate is 30¢.

The word "thereof" contained in MCLA 600.2543; MSA 27A.2543, obviously refers back to the word "folio". And since there are three folios per page it does not require a great deal of arith-

---

[1] The 1974 amendment provides: "The circuit court stenographers shall be entitled to demand and receive per folio or per page for transcripts ordered by either party to a cause the sum of 33 cents per original folio and 10 cents for each copy thereof or $1.00 per page and 30 cents for each copy thereof unless a lower rate is agreed upon. For transcripts ordered by the circuit judge, stenographers shall be entitled to receive from the county the compensation hereinbefore specified." MCLA 600.2543; MSA 27A.2543, as amended by 1974 PA 158.

metic or sophisticated statutory construction to arrive at the 30¢ figure.[2]

Court reporters in Michigan play a large part in our judicial process. They are compelled to work long hours and must, in most instances, prepare their transcripts in the late evening hours or on the weekends. Their remuneration is little enough even with the slight increase authorized by the 1974 Act. The trial judge properly denied the defendants' motion to compel reimbursement.

3) In response to defendants' arguments, we quote from the brief of the attorney for the respondent court reporter:

" * * * [T]he purpose of a praecipe for a motion is to inform the court that you wish to gain the ear of the court and have the opportunity to be heard orally, and at the same time notify opposing parties that at the designated date and time you will have to argue your position.

"Absent the affirmative action on the part of the attorney for the appellants when reserving time to be heard before the Honorable Court, the party making the reservation insults the dignity of the court by his failure to appear and/or notify the court and other parties that he will not appear. This does then permit the court to proceed without delay in awaiting his appearance.

" * * * If the attorney had appeared in court on the designated date, the court could still award costs to the respondent under the court rules.

"Court Rule 111.6 provides for awarding costs to the adverse party for reasonable expenses incurred in proving or disproving unwarranted allegations.

"Court Rule 119.2 gives discretion to the court to dispense with or limit oral argument on motions, but does not give this discretion to litigants.

"The very purpose of any court having the authority

---

[2] This Act has been amended by 1974 PA 158 authorizing the court reporters to charge $1 per page and 30¢ for each copy thereof.

to assess costs against a party is to reimburse litigants for costs, expenses and inconveniences occasioned by the misfeasance or malfeasance of the offending parties."

The trial judge thus properly awarded the respondent her costs incurred in retaining counsel. *Cf. Fredal v Forster,* 9 Mich App 215; 156 NW2d 606 (1967); *Beem v Circuit Judge,* 97 Mich 491; 56 NW 760 (1893).

The trial court's order granting summary judgment is. affirmed and the order allowing the respondent court reporter's attorney fees is also affirmed. Each of the prevailing parties hereto may assess separately their costs in this appeal.

All concurred.