PEOPLE v COUSINO

(CITY OF UTICA v COUSINO)

1. COSTS—COURTS—TAXATION OF COSTS.

The power of a court to tax costs is wholly statutory.

2. COSTS—TAXATION OF COSTS—REGULATION OF COSTS—STATUTES.

Except as otherwise provided by statute, the Supreme Court may by rule regulate the taxation of costs (MCLA 600.2401; MSA 27A.2401).

3. PLEADING—COSTS—UNREASONABLE ALLEGATIONS AND DENIALS—LITIGATION EXPENSES—ATTORNEY FEES—COURT RULES.

A party making an unreasonable allegation or denial of fact in his pleadings may be required to pay reasonable expenses incurred by the adverse party in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees (GCR 1963, 111.6).

4. COSTS—ASSESSMENT OF COSTS—CONSTITUTIONAL LAW—APPEAL AND ERROR—COURT RULES.

A circuit court's assessment of costs against an unsuccessful appellant from the district court in a criminal case who is exercising his constitutional right to appeal is reversible error and the award of such costs should be vacated where the assessment of the costs impermissibly threatens the defendant's right to appeal by attempting to chill the exercise of a constitutional right (Const 1963, art 1, § 20, GCR 1963, 111.6).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Costs § 5.

[3] 7 Am Jur 2d, Attorneys at Law § 235 *et seq.*

20 Am Jur 2d, Costs § 78.

Amount of attorneys' compensation in absence of contract or statute fixing amount. 57 ALR3d 475.

False statements: construction and application of state statute or rule subjecting party making untrue allegations or denials to payment of costs or attorneys' fees. 68 ALR3d 209.

[4] 4 Am Jur 2d, Appeal and Error §§ 128, 129.

20 Am Jur 2d, Costs § 94.

Appeal from Macomb, Hunter D. Stair, J. Submitted October 4, 1977, at Detroit. (Docket No. 29425.) Decided February 22, 1978. Leave to appeal denied, 402 Mich 950e.

Paul W. Cousino was convicted in district court of violating a speeding ordinance in the City of Utica. Defendant appealed to circuit court which affirmed defendant's conviction and assessed additional costs for initiating a vexatious appeal. Defendant appeals by leave granted. Affirmed in part, reversed in part.

*William J. McGrail, Jr.,* Assistant City Attorney, for the people.

Paul W. Cousino, *in propria persona.*

Before: D. F. WALSH, P. J., and V. J. BRENNAN and BEASLEY, JJ.

V. J. BRENNAN, J. Proceeding *in propria persona,* defendant Paul W. Cousino appeals an order of Macomb Circuit Judge Hunter D. Stair June 14, 1976, affirming on appeal defendant's conviction of speeding and assessing costs of $350 for initiating a vexatious appeal.

Defendant was ticketed March 17, 1975, for driving 40 miles per hour in a 25 mile per hour zone in the City of Utica, County of Macomb. On March 21, 1975, he signed an appearance form, entering a plea of not guilty and requesting a trial on the charge.

The trial was held January 15, 1976, before visiting Judge Richard C. Stavoe, sitting in the 41st District Court. At the commencement of trial, defendant, representing himself *in propria persona,* moved to dismiss on two grounds: denial of the constitutional right to a speedy trial, and lack

of jurisdiction on grounds the offense occurred in Sterling Heights rather than Utica. The motions were denied and testimony was received from the ticketing officer, Utica City Police Officer Russell Wilson. Defendant neither cross-examined the officer nor testified in his own behalf. Following final argument by both sides, the court found defendant guilty and imposed a $25 fine, including costs.

Defendant appealed as of right to Macomb County Circuit Court, and filed a brief of 12 pages raising nine issues. The prosecution responded with a brief of nine pages.

In an opinion dated May 25, 1976, Macomb Circuit Judge Stair affirmed the conviction and ordered costs assessed against defendant pursuant to GCR 1963, 111.6, based on a finding that "this appeal was motivated solely by a vexatious and bad faith desire to harass legitimate judicial process". Judge Stair's final order, dated June 14, 1976, ordered defendant to pay costs to the Utica City Clerk in the sum of $350, which amount includes actual attorney fees billed by the assistant city attorney representing the city on appeal.

Pursuant to the order of this Court dated September 27, 1977, we limited the parties to the issue whether the trial court erred reversibly in ordering defendant to pay $350 costs, representing attorney fees for the city attorney in defendant's appeal as of right from his district court speeding conviction. We address this issue alone.

The power to tax costs is wholly statutory. *Gundersen v Bingham Farms*, 1 Mich App 647, 648; 137 NW2d 763 (1965). Nonetheless, except as otherwise provided by statute, the Michigan Supreme Court may by rule regulate the taxation of costs. MCLA 600.2401; MSA 27A.2401. The several statutes and court rules making provision for recovery

of attorney fees as costs or damages under specified circumstances are collected in *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71, 75; 212 NW2d 821 (1973). Included are GCR 1963, 526.7, 116.5, and 117.3 (filing an affidavit opposing a motion for summary or accelerated judgment without good faith and for purposes of delay); GCR 1963, 111.6 (unwarranted allegations and denials in pleadings); and GCR 1963, 816.5 (vexatious proceedings in the Court of Appeals).

Judge Stair relied upon GCR 1963, 111.6, which reads as follows:

"Unwarranted Allegations and Denials. If it appears at the trial that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees. GCR 1963, 111.6."

The historical derivation of this rule is explored in *Harvey v Lewis,* 10 Mich App 23, 34–40; 158 NW2d 809 (1968) (LEVIN, J. dissenting). See also 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1975 Supp, pp 52–53.

Our review of this matter convinces us that GCR 1963, 111.6, may not be employed against unsuccessful appellants in criminal cases exercising their constitutional appeal as of right. The trial court's assessment of costs in this case impermissibly threatens defendant's right to appeal. Because of this disposition of plaintiff's claim, we need not consider what would have been in fact vexatious within the context of the actual pleadings in this case.

In short, we find the trial court's assessment of $350 costs against a defendant attempting to appeal his speeding ticket constitutes an attempt to chill exercise of the right to appeal guaranteed by 1963 Michigan Constitution, art 1, § 20. GCR 1963, 111.6, may not be extended to the lengths the trial court sought to reach in assessing these costs against defendant. No other provision appears in Michigan statutes or court rules to justify the measure proposed here, especially in view of defendant's constitutional right to appeal.

We affirm defendant's conviction and reverse the decision of the trial court as to the award of costs and vacate the award of costs assessed.