REPPUHN v ABELL

Docket Nos. 45647, 45648. Submitted March 12, 1980, at Lansing.—
    Decided May 6, 1980.
    David Reppuhn (hereinafter plaintiff) initiated a libel action
    against Roy Abell, Committee to Elect Roy Abell, and Schmitt
    Publishing Company, Inc. (hereinafter defendants). The parties
    subsequently filed a stipulation to dismiss "with costs to be
    taxed against the plaintiff". Defendants, thereafter, filed a
    motion to tax costs and actual attorney fees, based on GCR
    1963, 111.6, in that plaintiff's suit purportedly contained un-
    warranted allegations. Saginaw Circuit Court, Joseph R. Mc-
    Donald, J., ruled that defendants would be entitled to reason-
    able, as opposed to actual, attorney fees. Plaintiff appeals. *Held:*
        Recovery of attorney fees is not permitted where a case has
    been dismissed prior to trial.
        Reversed.

COURTS — ATTORNEY FEES — RECOVERY OF FEES — COURT RULES.
    Recovery of attorney fees is not permitted where a case has been
    dismissed prior to trial (GCR 1963, 111.6).

*Brisbois & Sturtz* (by *Philip R. Sturtz),* for plain-
tiff.

*Robert E. Bright,* for defendants Abell and Com-
mittee to Elect Roy Abell.

*Keith L. Leak,* for defendant Schmitt Publishing
Company.

Before: MACKENZIE, P.J., and BASHARA and D. C.
RILEY, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Costs §§ 18, 19.
    24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 28-30.

PER CURIAM. The principal issue raised by this appeal is whether GCR 1963, 111.6 allows for the recovery of reasonable attorney fees where an action has been dismissed prior to trial.

This matter resulted from a libel action initiated by plaintiff against defendants. Prior to trial, the parties filed a stipulation to dismiss "with costs to be taxed against the Plaintiff". In accordance with the stipulation, the court issued an order of dismissal which incorporated the above-quoted language.

Defendants subsequently filed a motion to tax costs and actual attorney fees. Defendants based their request for actual attorney fees on GCR 111.6, in that plaintiff's suit purportedly contained unwarranted allegations. The lower court ruled that defendants would be entitled to reasonable, as opposed to actual, attorney fees.

Plaintiff contends that the trial judge improperly awarded attorney fees under GCR 111.6.

GCR 111.6 provides as follows:

"Unwarranted Allegations and Denials. If it appears *at the trial* that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees." (Emphasis added.)

We find that the lower court's reliance on the court rule was misplaced. GCR 111.6 does not apply to a case dismissed prior to trial. This conclusion is clear from the emphasized language

above, particularly when read in conjunction with proposed Michigan Court Rule, MCR 2.111(G).

Proposed MCR 2.111(G) replaces the words "at the trial" with "at any time". The reason for this change is explained by the Committee Comment to MCR 2.111(G), 402A Mich 117, as follows:

"COMMENT: This section expands the use of sanctions previously authorized in this rule and makes them applicable 'at any time' in an action that the judge finds the spurious allegations or denials were pleaded. *The old rule only permitted these sanctions to be assessed if trial of the action was had. If the case was settled or otherwise disposed of before trial, no sanctions were permitted.* The committee felt the previous limitation was unwarranted, encouraged false or misleading pleadings, and perpetuated 'fraud' on the court and the opposing party. See rule 2.114." (Emphasis added.)

We conclude that present GCR 111.6 does not countenance an award of attorney fees where a case has been dismissed prior to trial.

Notwithstanding our interpretation of the court rule, defendants argue that *Russell v Glantz,* 57 Mich App 44; 225 NW2d 191 (1974), *lv den* 394 Mich 781 (1975), provides support for the pretrial awarding of attorney fees pursuant to GCR 111.6.

*Glantz* involved a dispute between an attorney and a court reporter regarding an alleged exorbitant stenographic fee. The attorney failed to appear at a hearing on his motion for reimbursement and the reporter was awarded attorney fees pursuant to GCR 111.6.

We believe that *Glantz* is distinguishable. The hearing, on the motion, in the instant case was the only type of "trial" which could have conceivably been held. In any event, to the extent that *Glantz* can be read to sanction the pretrial award of

attorney fees under GCR 111.6, we decline to follow it.

Defendants next argue that the stipulation executed by the parties which contained the phrase "with costs to be taxed against Plaintiff" allows for the recovery of actual attorney fees. We disagree.

The above language does not constitute a clearly discernible intention by plaintiff to pay defendants' actual attorney fees.

The word "costs" as used in this state seldom includes actual attorney fees. See MLP, Costs, § 54. Since the use of the word in the stipulation and order of dismissal should be construed in its most normal and accepted meaning, it would be stretching the word to engraft into it the concept of actual attorney fees. If the parties had intended that meaning, then the language in the stipulation and order of dismissal would presumably have been phrased as "costs and reasonable attorney fees", rather than simply "costs".[1]

We conclude that defendants' argument lacks merit. Defendant is entitled only to those costs which are expressly authorized by statute or court rule.

Reversed. Costs to appellant.

[1] In this respect, it is interesting to note that the motion by defendant Abell and the Committee filed on August 18, 1978 was denominated "MOTION TO TAX COSTS AND ACTUAL ATTORNEY FEES". Similarly, the bill filed by defendant Schmitt on August 18 was denominated "TAXED BILL OF COSTS OF DEFENDANT SCHMITT PUBLISHING CO., INC. ATTORNEY FEES".