GOODRICH THEATERS, INC v WARNER BROTHERS
DISTRIBUTING CORPORATION

Docket No. 50001. Submitted December 9, 1980, at Lansing.—Decided
February 4, 1981.

Goodrich Theaters, Inc. brought an action against Warner Broth-
ers Distributing Corporation, Donald Martin, Michigan man-
ager for Warner Brothers, Kelly Theatre Service, Inc., Joseph
Kelly, owner of Kelly Theatre Service, and E. C. Johnson,
alleging unlawful commercial conduct with intent to injure
plaintiff and to restrain competition. Plaintiff subsequently
dismissed its complaint, and an order of dismissal with preju-
dice was entered. Defendants Warner Brothers, Donald Martin,
Kelly Theatre Service, and Joseph Kelly moved for recovery of
attorney fees, which motion was partially granted, in the
amount of $7,360, Saginaw Circuit Court, Joseph R. McDonald,
J. Plaintiff appeals, alleging the court erred in making any
award. Defendants-appellees cross-appeal, alleging that the
court erred in not awarding them $21,000. *Held:*

The lower court erred in awarding attorney fees. Pursuant to
the provisions of the applicable court rule, such fees can only
be awarded where unwarranted allegations are made during a
trial and not where a case is dismissed prior to trial. Plaintiff's
dismissal of the action prior to trial precluded such an award.

Reversed.

1. PLEADING — UNWARRANTED ALLEGATIONS AND DENIALS — COURT
RULES.

The court rule which prescribes sanctions for the making of
unwarranted allegations and denials refers to allegations defi-
cient in fact, not in law (GCR 1963, 111.6).

2. PLEADING — UNWARRANTED ALLEGATIONS AND DENIALS — WORDS
AND PHRASES — COURT RULES.

The reading of deposition testimony does not constitute a "trial"

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 86.
[1-3] 61 Am Jur 2d, Pleading § 26.
Construction and application of state statute or rule subjecting
party making untrue allegation or denials to payment of costs or
attorneys' fees. 68 ALR3d 209.

such as is necessary for the application of the court rule which prescribes sanctions for the making of unwarranted allegations and denials (GCR 1963, 111.6).

3. PLEADING — UNWARRANTED ALLEGATIONS AND DENIALS — ATTORNEY FEES — COURT RULES.
   The court rule which prescribes sanctions for the making of unwarranted allegations and denials does not provide for an award of attorney fees where a case is dismissed prior to trial (GCR 1963, 111.6).

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Gregory G. Prasher* and *John H. Gretzinger*), for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Philip J. Kessler* and *Dennis B. Schultz*), for defendants Warner Brothers Distributing Corporation and Donald Martin.

*Simon, Deitch, Siefman & Tucker,* for defendants Kelly Theatre Service and Joseph Kelly.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

ALLEN, J. Does GCR 1963, 111.6 allow an award of actual attorney fees where, after extensive discovery and trial preparation, plaintiff's action is voluntarily dismissed with prejudice? January 28, 1980, the respected trial court answered this question in the affirmative and awarded defendants-appellees $7,360 in attorney fees. On May 6, 1980, this Court issued its opinion in *Reppuhn v Abell,* 97 Mich App 407; 296 NW2d 44 (1980), holding that recovery of attorney fees pursuant to GCR 1963, 111.6 is not permitted where a case has been dismissed prior to trial.

Plaintiff, Goodrich Theaters, Inc., is a motion

picture exhibitor owning and operating the Quad Theater Complex in the Saginaw metropolitan area. One of plaintiff's competitors is the Court Theater which secures its films through defendant Joseph Kelly, owner of defendant Kelly Theatre Service, Inc. Defendant Warner Brothers Distributing Corporation is a distributor of first-run motion pictures. Its Michigan manager is defendant Donald Martin.

In June 1977, plaintiff filed a complaint alleging unlawful commercial conduct between Warner Brothers, Donald Martin, Kelly Theatre Service, and Joseph Kelly with intent to injure plaintiff and to restrain competition in the Saginaw area. Specifically, plaintiff alleged that the Court Theater had secured rights to exhibit the movie "Exorcist II: The Heretic" through a secret anticompetitive agreement between Warner Brothers and Joseph Kelly that "Exorcist II" would be shown at an indoor theater only and not at both an indoor and a drive-in theater as plaintiff had been told previously. Plaintiff also requested the court to enjoin the scheduled June 17 opening of the film, but, at a show cause hearing on June 16, plaintiff withdrew the request for injunctive relief. In January, 1978, plaintiff offered to dismiss its complaint with prejudice but without costs. When that offer was rejected, a pretrial conference was held at which defendants-appellees informed the court that they had incurred extensive legal costs preparing to disprove facts which plaintiff knew were totally false. On November 20, 1978, a final order dismissing the complaint with prejudice was entered by the court.

Defendants-appellees then moved to recover attorney fees pursuant to GCR 1963, 111.6. In their motion and briefs, they cited the deposition testi-

mony of Robert Goodrich and Robert Buermele, president and booking agent of plaintiff corporation, respectively, and claimed that, based upon such testimony, the allegations in plaintiff's complaint had always been false and without factual basis. At a hearing on said motion held March 5, 1979, defendants-appellees claimed $21,000 had been incurred in attorney fees in preparation of their defense to plaintiff's complaint. On December 26, 1979, the court issued its written opinion granting defendants-appellees $7,360 in attorney fees and rejecting the balance requested on grounds that defendants-appellees could have brought the litigation to an earlier conclusion. An order to that effect was entered January 28, 1980. From this order, plaintiff appeals on grounds that no award of fees should have been made. Defendants-appellees cross-appeal on grounds that the full $21,000 should have been awarded. Defendant E. C. Johnson, d/b/a The Court Theater, is not a party to this appeal.

The identical issue raised in the instant case was considered by this Court in *Reppuhn, supra.* Coincidentally, the appeal in each case is from the same trial judge. In *Reppuhn,* plaintiff filed a libel action against defendants for publication of a political advertisement. Prior to trial, the suit was dismissed by stipulation "with costs to be taxed against plaintiff". Defendants therein subsequently filed a motion to tax actual attorney fees under GCR 1963, 111.6. The lower court granted the motion and plaintiff appealed. On appeal, this Court reversed on grounds that GCR 111.6 did not authorize an award of actual attorney fees prior to trial.

"GCR 111.6 provides as follows:
" 'Unwarranted Allegations and Denials. If it appears

*at the trial* that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees. (Emphasis added.)'

"We find that the lower court's reliance on the court rule was misplaced. *GCR 111.6 does not apply to a case dismissed prior to trial.* This conclusion is clear from the emphasized language above, particularly when read in conjunction with proposed Michigan Court Rule, MCR 2.111(G). (Emphasis added.)

"Proposed MCR 2.111(G) replaces the words 'at the trial' with 'at any time'. The reason for this change is explained by the Committee Comment to MCR 2.111(G), 402A Mich 117, as follows:

" 'COMMENT: This section expands the use of sanctions previously authorized in this rule and makes them applicable "at any time" in an action that the judge finds the spurious allegations or denials were pleaded. *The old rule only permitted these sanctions to be assessed if trial of the action was had. If the case was settled or otherwise disposed of before trial, no sanctions were permitted.* The committee felt the previous limitation was unwarranted, encouraged false or misleading pleadings, and perpetuated "fraud" on the court and the opposing party. See rule 2.114. (Emphasis added.)'

"We conclude that present GCR 111.6 does not countenance an award of attorney fees where a case has been dismissed prior to trial." *Reppuhn, supra,* 408-409.

Defendants-appellees attempt to minimize the precedential impact of *Reppuhn* by distinguishing it from the instant case in several respects. First, it is argued that *Reppuhn* involved a complaint which was deficient as a matter of law rather than, as in the instant case, a complaint deficient

in fact. However, nothing in the opinion states or even suggests that the complaint was dismissed for deficiencies of law rather than of fact. GCR 1963, 111.6 does not refer to allegations deficient in law.[1] It is next argued that *Reppuhn* is distinguishable because, unlike the instant case, nothing is said therein about costs incurred by defendants in preparation for trial. While the opinion makes no mention of such costs, examination of the record and briefs on file with this Court discloses that, in the two years elapsing between the filing of plaintiff's complaint and the filing of the stipulation to dismiss, attorney fees of some $6,000 had been incurred in preparation for defense.

Appellees call attention to *Russell v Glantz*, 57 Mich App 44; 225 NW2d 191 (1974), *lv den* 394 Mich 781 (1975), a case which appellees argue is contrary to the holding in *Reppuhn*. We do not agree. Plaintiffs' complaint in *Russell* was for foreclosure of a land contract, and summary judgment was granted on grounds that the defendants had failed to state a valid defense to the complaint. Defendants appealed setting forth several reasons why the trial court erred in granting summary judgment. None of the reasons given as error concerned GCR 111.6 or attorney fees. Our Court then proceeded to examine a second ground for appeal. This second ground did not relate to the land contract dispute but concerned a post-trial dispute between one of the defendants and the court reporter concerning the reporter's charges for the transcript on appeal. Defendant paid the claimed excess charges for the transcript and filed

---

[1] The only mention made in *Reppuhn* to the nature of the allegations was "that plaintiff's suit contained unwarranted allegations". This suggests wrongful or false statements *of fact* since GCR 111.6 refers to "any *fact* alleged or denied" and to "such *fact* if alleged is not proved".

a motion to compel reimbursement. On the date set for hearing on the motion, the court reporter and her attorney appeared in court, but defendant failed to appear or argue the motion. The trial court ordered defendant to remit $50 to the court reporter's attorney. After quoting from the brief of the attorney for the court reporter which, *inter alia,* referred to GCR 111.6,[2] our Court concluded "The trial judge thus properly awarded the respondent her costs incurred in retaining counsel". *Russell, supra,* 51. We do not consider this Court's affirmance of the award of attorney fees on an issue in no way relating to the main issue on appeal or even to the parties thereto contrary to *Reppuhn.* We further note that the hearing scheduled to resolve the dispute between the defendant and the court reporter was the only time and place where the dispute over per page charges could be settled. Thus, in effect, it was "at the trial" as that term is used in GCR 111.6.

Defendants-appellees argue that the trial court's findings were based on the court's examination of the depositions of plaintiff's witnesses and on the pleadings and oral arguments at the hearing on March 5, 1979, and that the depositions, pleadings, and oral arguments constituted "the functional equivalent" of "at the trial" as demanded by GCR 111.6. At the hearing on March 5, 1979, the court inquired of Mr. Prasher, counsel for plaintiff, whether he was prepared to bring people into court to testify that plaintiff had a factual basis upon which to file its complaint. When counsel answered "yes", the transcript of hearing continues as follows:

---

[2] The reference to Court Rule 111.6 was as follows: "'Court Rule 111.6 provides for awarding costs to the adverse party for reasonable expenses incurred in proving or disproving unwarranted allegations.'" *Russell, supra,* 50.

"THE COURT: Would you state who those people would be?

"MR. PRASHER: Those people would be Mr. Robert Buermele and Mr. Robert Goodrich.

"THE COURT: You mean something over and above what they have stated in their depositions?

"MR. PRASHER: No. Mr. Buermele and Mr. Goodrich's depositions cover those very points."

The fact that plaintiff admitted that, if formal trial were held on the merits, only Messrs. Goodrich and Buermele would testify and that their testimony would cover the material appearing in their depositions lends support to appellees' claim that the March 5, 1979, hearing and the court's subsequent examination of the depositions and briefs was the functional equivalent of "trial". Nevertheless, we are not persuaded that trial on the merits was not required as a precondition of the imposition of Rule 111.6. First, the deposition of Robert Goodrich only contains the cross-examination by attorneys for Warner Brothers who requested the deposition. No questions were asked by Goodrich's own attorney who claims that he did not intend that the deposition be used as a substitute for the witness's direct testimony at trial. Second, reading of deposition testimony is not a trial as that term is commonly understood to mean. Third, assuming, *arguendo,* that the functional equivalent was valid, there would be little necessity to amend Rule 111.6 as proposed by MCR 2.111(G). See 402A Mich 117. Amendment would be unnecessary if the party claiming the pleadings to be without factual basis could merely file a motion under current Rule 111.6, set a date for hearing thereon, and claim that the hearing, the pleadings, oral arguments, and the trial court's consideration thereof was the "functional equivalent" of trial.

Accordingly, we hold that defendants-appellees had no right to attorney fees under GCR 1963, 111.6. In so holding, we in no way infer that the trial judge erred in concluding that the plaintiff knew at the time of filing of the complaint, or soon thereafter, that the facts alleged were untrue. To the contrary, our examination of the deposition testimony discloses much in support of the trial court's findings. Indeed, the instant case is an excellent example of why GCR 111.6 should be amended as proposed and why the amendment should be adopted at an early date.

Reversed. Costs to plaintiff.