MINOR v MICHIGAN EDUCATION ASSOCIATION

Docket No. 63896. Submitted February 16, 1983, at Detroit.—Decided July 11, 1983.

Mary C. Minor brought an action in the Ingham Circuit Court against the Michigan Education Association, two other education associations and the Northville Public Schools. The court, Jack W. Warren, J., granted accelerated judgment on the ground that the action was barred by the statute of limitations. The court also found that "plaintiff unreasonably put defendants to their proofs on the statute of limitations issue" and awarded attorney fees pursuant to GCR 1963, 111.6. Plaintiff appealed and defendant Northville Public Schools cross-appealed. *Held:*

1. The award pursuant to a court rule of costs and attorney fees against a party who has made unwarranted pleadings is not precluded solely because there has been no actual trial.

2. The court rule providing for the award of costs and attorney fees against a party who had made unwarranted pleadings applies only to pleadings of fact. The award of attorney fees should only have been for the effort expended to prove those facts which were unreasonably denied by plaintiff. The court erred in awarding attorney fees for effort expended to counter plaintiff's legal theory in avoidance of the statute of limitations.

Reversed and remanded.

MACKENZIE, P.J., concurred in part and dissented in part. She agreed that the court rule providing for the award of costs and attorney fees aganst a party who has made unwarranted pleadings applies only to pleadings of fact but would hold that the court rule is not applicable where the case is disposed of by accelerated judgment.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 20 Am Jur 2d, Costs §§ 25.5, 72 *et seq.*
[3] 61A Am Jur 2d, Pleading § 230.

Opinion of the Court

1. PLEADING — UNWARRANTED PLEADING — ATTORNEY FEES — COURT
RULES.

The award pursuant to a court rule of costs and attorney fees
against a party who has made unwarranted pleadings is not
precluded solely because there has been no actual trial (GCR
1963, 111.6).

2. PLEADING — UNWARRANTED PLEADING — ATTORNEY FEES —
COURT RULES.

The court rule providing for the award of costs and attorney fees
against a party who has made unwarranted pleadings applies
only to pleadings of fact (GCR 1963, 111.6).

Partial Dissent by MacKenzie, P.J.

3. PLEADING — UNWARRANTED PLEADING — ATTORNEY FEES — COURT
RULES.

*The award pursuant to a court rule of costs and attorney fees
against a party who has made unwarranted pleadings is pre-
cluded where a case is disposed of by accelerated judgment
(GCR 1963, 111.6).*

*Jean L. King, Attorney at Law, P.C.* (by *Jean L. King*), for plaintiff.

*Keller, Thoma, Schwarze, Dubay & Katz, P.C.* (by *Terrence J. Miglio* and *Gary P. King*), for Northville Public Schools.

Before: MacKenzie, P.J., and Bronson and Hood, JJ.

Per Curiam. Plaintiff appeals by right the trial court's award of $3,501.25 in attorney fees to defendant Northville Public Schools (hereinafter "defendant"). The court based its award upon GCR 1963, 111.6, finding that "plaintiff unreasonably put defendants to their proofs on the statute of limitations issue". We reverse and remand.

In challenging the award of attorney fees, plaintiff raises two arguments, as follows: (1) GCR 1963, 111.6 does not authorize an award unless there has been a full-scale trial, and (2) the court rule

was improperly applied here, where the trial court based its award upon a finding that plaintiff's claims were legally—as opposed to factually—unwarranted. We base our ruling solely upon resolution of the latter issue.

We are willing to assume *arguendo* that an award of attorney fees may be proper in situations, such as the present one, where there has been no actual trial. See *Russell v Glantz,* 57 Mich App 44; 225 NW2d 191 (1974). We recognize that in certain recent decisions panels of this Court have used language suggesting that an award of attorney fees under GCR 1963, 111.6 is appropriate only where there has been an actual trial, *Reppuhn v Abell,* 97 Mich App 407; 296 NW2d 44 (1980); *Goodrich Theaters, Inc v Warner Brothers Distributing Corp,* 103 Mich App 548; 302 NW2d 913 (1981). However, we believe that an award of attorney fees in the present case would not necessarily be inconsistent with the language of *Reppuhn* and *Goodrich.* Those decisions arguably left the door open to an award of attorney fees in situations where the lower court proceedings in question were the "only time and place where the (parties') dispute * * * could be settled". 103 Mich App 554.

In the present case, the trial court found that the subject proceedings, hearings on defendants' motions for accelerated judgment, were the "functional equivalent" of a trial, because defendants' motion for accelerated judgment was dispositive. This reasoning was sound: such a motion is, in the words of the *Goodrich* opinion, the only time and place where certain defenses—such as the statute of limitations defense—may be adjudicated. See also *Robinson v Emmet County Road Comm,* 72 Mich App 623, 638; 251 NW2d 90 (1976), charac-

terizing accelerated judgment as a proceeding which "provides a method by which certain disputed issues can be adjudicated at an early stage with a possibility of ending the case and avoiding an expensive trial". We conclude that the trial court's characterization of the motion for accelerated judgment as the "functional equivalent of a trial" for purposes of GCR 1963, 111.6 was consistent with the notion that accelerated judgment can serve as a direct substitute for trial. Accordingly, we decline to find the award of attorney fees improper solely because there had been no trial below.[1]

Nonetheless, we agree with plaintiff that the trial court's award of attorney fees was improper, because the court based its award largely upon its finding that plaintiff had taken an unwarranted position on a legal, as opposed to a factual, issue.

In *Valley National Bank of Arizona v Kline,* 108 Mich App 133; 310 NW2d 301 (1981), this Court held that GCR 1963, 111.6 could only be used to award attorney fees which were related to the cost of proving disputed *facts.* 108 Mich App 143. The court rule itself contains language which limits a trial court's authority in awarding fees to situations in which a party has made an unwarranted *factual* claim:

"If it apepars * * * that any *fact* alleged or denied by a pleading ought not to have been so alleged or denied,

---

[1] In concluding discussion of this aspect of plaintiff's appeal, we note that both of the cases cited by plaintiff, *Reppuhn, supra,* and *Goodrich, supra,* are distinguishable, in that each involved an agreement among the parties to voluntarily dismiss the trial court proceedings. For example, in *Reppuhn,* the parties specifically stipulated that the defendants were to receive only a limited award of "costs" incurred in the subject litigation; any award of attorney fees would have contravened the express terms of the stipulation in that case. Contrast the present case, where there has been no comparable stipulation to dismiss the lower court proceedings.

the court may * * * require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such *fact,* including reasonable attorney fees." (Emphasis added.)

Nothing in GCR 1963, 111.6 confers any authority to award attorney fees for costs incurred in disputing an adverse party's position as to issues of *law.* The rule refers solely to the preparation of proofs and other steps taken by an opponent to establish disputed matters of fact. See *Harvey v Lewis,* 10 Mich App 23, 37; 158 NW2d 809 (1968), where Judge (now Justice) LEVIN observed:

"Surely, the order appealed from should be set aside to the extent the award is apportionable to the successful *legal* argument that petitioners' allegations were *legally* insufficient, or to preparation to disprove such *legally* insufficient allegations. There can be no justification for awarding 'reasonable expenses incurred in proving or preparing to prove or disprove such *fact',* if the fact is insufficient as a matter of law, as then there is no need factually to disprove it. If it be said the successful counsel might or could not have known in advance the court would rule favorably on his claim the allegations were legally insufficient, then how can it properly be held—if *successful* counsel is in doubt as to the outcome—that the unsuccessful litigant made allegations which 'ought not to have been' made or that were 'unreasonable'." (LEVIN, J., *dissenting.)* (Emphasis in original.)

Neither the rule nor any of the cases cited by defendants contain any language suggesting that a party may collect attorney fees for time spent researching, and preparing responses to, a party's legal theories, merely because such theories may ultimately be found lacking in merit.

We cannot condone the principle of allowing a

trial court to apply GCR 1963, 111.6 to reimburse
a party for time spent in disputing questions of
law, no matter how improbable or novel the legal
theory involved. Such an application not only
contravenes the narrowly drawn language of GCR
1963, 111.6, as demonstrated *supra,* but more im-
portantly carries with it the potential for deter-
ring even good-faith litigants from seeking legiti-
mate relief in the courts. If this Court were to
uphold the principle that a party may be com-
pelled to pay attorney fees, merely because that
party advanced a legal theory which was found to
lack merit, it is not only conceivable but indeed
inevitable, that many persons with legitimate
claims for relief would be deterred from bringing
them for fear of facing such a penalty. Others who
do bring claims might venture to advance only a
limited number of legal theories in support of
their claims, in order to avoid a finding that one or
more of their theories was sufficiently lacking in
merit to qualify as "unwarranted" under the trial
court's reading of GCR 1963, 111.6. In situations
where a case is rather complex or sophisticated,
the prospective penalty for advancing a mariginal
legal theory (one which justifies the opponent's
extensive legal research in preparing a response)
could loom particularly large.

We also note that certain inequities would in-
here in any ruling that GCR 1963, 111.6 is applica-
ble to pleadings which are legally (as opposed to
factually) "unwarranted". As the award of attor-
ney fees under GCR 1963, 111.6 is largely a matter
left to a trial court's discretion, awards under the
rule would inevitably vary with the views and
predilections of trial judges. One trial judge could
regard a particular legal argument as a legitimate
one which, although lacking in merit, was prop-

erly brought before the court for consideration. Another trial judge could determine that the same legal argument or theory, when advanced by a different litigant in an unrelated case, is not only marginal and lacking in merit, but "unwarranted" within the meaning of GCR 1963, 111.6 and thus a proper subject of an attorney fee award. The potential for inequity and prejudice is apparent.

In short, we conclude that the application of GCR 1963, 111.6 to a party's pleading of legally (as opposed to factually) "unwarranted" claims would create uncertainty which would at best stifle legal creativity and which could indeed severely deter the filing of legitimate claims. In concluding our discussion of this issue, we add that this Court has previously taken notice of the chilling effect which an assessment of costs may have upon a litigant's exercise of his right of access to the courts. See *People v Cousino*, 81 Mich App 416; 265 NW2d 355 (1978).[2]

In the present case, the trial court based its award of fees upon its finding that plaintiff unreasonably put defendants to their proofs on the statute of limitations issue. However, it is undisputed that only a small portion of defendants' attorney fees resulted from time spent in responding to plaintiff's factually unwarranted denial that the three-year statute had run. The itemized bill of time prepared by defendants' attorney showed only 1.75 hours spent on the issue of whether the three-year statute of limitations had run. Most of

---

[2] We acknowledge that *Cousino* is arguably distinguishable, in that it was a criminal case decided on the basis of Const 1963, art 1, § 20, guaranteeing the right of an accused in criminal proceedings to bring an appeal. Arguably, that provision is inapplicable in a civil context such as the present one. However, the practical reality underlying the decision in *Cousino* remains applicable to civil matters: the prospect of an imposition of costs can serve as a significant deterrent to a party's pursuit of relief in the courts.

the remaining time (the majority of the $3,501.25 awarded to defendants) was attributable to time spent researching a legal issue—namely, whether plaintiff was correct in making her belated assertion that the case was governed by a six-year statute of limitations. This assertion in turn rested upon plaintiff's theory that she was a third-party beneficiary of a contract between defendants and the federal government, a legal theory which, although somewhat novel, was by no means frivolous. Even if the theory had been totally baseless, the award of attorney fees must be limited to time spent by defendants in contesting *factual* matters, *Harvey v Lewis, supra; Kline, supra.* We conclude that the present case should be remanded for a recomputation of attorney fees; on remand the court should award fees only to the extent that they reflect costs incurred in countering unwarranted *factual* allegations contained in plaintiff's pleadings.[3]

Finally, we reject the argument advanced in defendants' cross-appeal, namely, that the trial court erred in determining that it was without jurisdiction to award attorney fees under Title VII of the Civil Rights Act of 1964. The court determined that it lacked subject-matter jurisdiction over plaintiff's Title VII claims. Defendant concedes that this aspect of the trial court's disposition was correct. The Supreme Court has held that, where a court lacks subject-matter jurisdiction, "any action with respect to such a cause, other than to dismiss it, is absolutely void". *Fox v Board of Regents, University of Michigan,* 375

[3] To the extent that the court's award is based upon plaintiff's "vexatious" or uncooperative behavior during the course of discovery, the proper remedy is not an award of fees under GCR 1963, 111.6, but instead imposition of the sanctions specifically applicable to lack of cooperation during discovery. See, for example, GCR 1963, 313.

Mich 238, 242; 134 NW2d 146 (1965). Since the trial court lacked jurisdiction over plaintiff's Title VII claim, it could not make findings of fact, which are required for any award of attorney fees, *Sturgis Savings & Loan Ass'n v Italian Village, Inc,* 81 Mich App 577; 265 NW2d 755 (1978). The federal case cited by defendant, *Freeman v Taft Broadcasting,* 17 CCH EPD, ¶ 8506 (ND Ala, 1978), is distinguishable because, there, the trial court did not lack subject-matter jurisdiction. Instead, the plaintiff in *Freeman* merely failed to meet a certain deadline for filing his discrimination charge with the Equal Employment Opportunity Commission (EEOC), a defect which the United States Supreme Court has held "is not a jurisdictional prerequisite to a Title VII suit in federal court", *Zipes v Trans World Airlines, Inc,* 455 US 385; 102 S Ct 1127; 71 L Ed 2d 234 (1982). We conclude that the trial court in the present case acted properly in refusing to award attorney fees under Title VII for lack of jurisdiction.

Reversed and remanded for proceedings consistent with this opinion.

MACKENZIE, P.J. *(concurring in part and dissenting in part).* I do not agree with the majority as to the circumstances in which attorney fees may be awarded for unreasonable allegations and denials. GCR 1963, 111.6 provides:

"If it appears *at the trial* that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case

may be, including reasonable attorney fees." (Emphasis added.)

In *Russell v Glantz,* 57 Mich App 44, 49-51; 225 NW2d 191 (1974), appellant accused a court reporter of overcharging him for transcripts. However, appellant failed to appear at the hearing on his motion to compel the reporter to reimburse him for excess charges. The Court approved the trial court's award of attorney fees pursuant to GCR 1963, 111.6, without discussing the language emphasized above.

In *Reppuhn v Abell,* 97 Mich App 407; 296 NW2d 44 (1980), and in *Goodrich Theaters, Inc v Warner Brothers Distributing Corp,* 103 Mich App 548; 302 NW2d 913 (1981), appellants' actions had been voluntarily dismissed with prejudice prior to trial. In both cases, the Court held that the language emphasized above precluded an award of attorney fees. In neither case was *Russell* approved, but in both cases the Court pointed out that *Russell* was distinguishable. *Russell* involved a dispute between a party to the litigation and a third party. That dispute could not have been the subject of an independent action but had to be resolved by motion in the action out of which it arose. Under such circumstances, the hearing on the motion in *Russell* could be characterized as "the only type of 'trial' which could have conceivably been held", *Reppuhn, supra,* p 409, or as "the 'functional equivalent' of 'trial' ", *Goodrich Theaters, supra,* p 555.

Here, as in *Reppuhn* and *Goodrich Theaters,* it is unnecessary to decide whether *Russell* can be reconciled with the language of the rule. The motion for accelerated judgment at issue here is not analogous to the dispute with the court reporter at issue in *Russell.* The majority claims

that hearings on a motion for accelerated judgment are the "functional equivalent" of a trial, because such hearings are the only time and place where certain defenses, such as the expiration of the statute of limitations, may be adjudicated. However, GCR 1963, 116.1 states that such defenses may be raised either in a party's first responsive pleading or by motion filed not later than the first responsive pleading. GCR 1963, 116.3 provides:

"Any defense or objection raised under this rule, whether in a responsive pleading or by motion, may be noticed for hearing by either party as if raised by motion. Affidavits or other evidence may be submitted by either party to support or oppose the grounds asserted in the pleading or motion, and in every case where the grounds asserted do not appear on the face of the pleading attacked, the demand shall be supported by affidavits or other evidence filed with the pleading or motion. As to defenses and objections based upon (1), (2), (3), or (4) in sub-rule 116.1, the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment upon the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits. As to defenses and objections based upon sub-rule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing."

This rule shows that the defenses specified in GCR 1963, 116.1 need not be resolved at a hearing on a motion for accelerated judgment, and in some

cases cannot be resolved at a hearing on a motion for accelerated judgment. The majority's reasoning, therefore, does not support a conclusion that such a hearing is the "functional equivalent" of a trial.

Note that the rule provides, in some instances, for an "immediate trial" of disputed questions of fact. Such a proceeding *is* a trial, not merely the "functional equivalent" of a trial. But, where no such immediate trial takes place, a hearing on a motion for accelerated judgment is not the "functional equivalent" of a trial.

The majority correctly holds that the language of GCR 1963, 111.6 requires that awards of expenses and attorney fees be limited to cases in which unreasonable allegations or denials of facts have been made. An assertion of an unreasonable legal position does not fall within the rule. However, the majority concludes that this case should be remanded for recomputation of attorney fees, and the majority implicitly approves an award which reflects costs incurred in countering unreasonable factual allegations contained in plaintiff's pleadings. I believe that such an award is neither authorized by the language of the rule nor warranted by the circumstances presented here. No trial or "functional equivalent" of a trial took place. Moreover, a requirement of an award under the rule is that "such fact if alleged is not proved or if denied is proved or admitted". No evidentiary proceeding at which plaintiff could fail to prove facts alleged has ever been held here. Finally, the record shows that plaintiff agreed that the claims at issue were barred by the statute of limitations and stipulated to their dismissal. Plaintiff at first moved to amend her complaint but subsequently abandoned this motion. These actions by plaintiff

are indistinguishable from the agreements for voluntary dismissals with prejudice at issue in *Reppuhn* and *Goodrich Theaters.*

I agree with the majority's resolution of the issue raised on cross-appeal. I would reverse the circuit court's award of expenses and attorney fees pursuant to GCR 1963, 111.6, and I would otherwise affirm the circuit court's decision.