## FISK v. FISK.

1. RECEIVERS—BENEFICIARY OF PROTECTION.

    The party who ultimately establishes his right to property for which a receiver has been appointed is the one who benefits from the property having been protected and preserved.

2. SAME—COMPENSATION.

    Generally, a receiver's compensation and the expenses necessarily incurred by him in preserving and caring for the property under the order of a court of competent jurisdiction are primarily a charge on and should be paid out of the fund or property in his hands, regardless of the outcome of the principal suit.

3. SAME—APPOINTMENT—WAIVER—COMPENSATION.

    Parties to suit whereby plaintiff sought to compel his father, defendant, to transfer a business then owned by latter to plaintiff and incident to which suit the parties agreed by stipulation to the appointment of plaintiff and petitioner as coreceivers, thereby waived any complaint as to propriety or legality of the appointment and its effect upon the question of who was to bear the receivership expenses.

4. SAME—COMPENSATION—SUPERINTENDENT OF PRODUCTION.

    Coreceiver of business who had been superintendent of production of casket hardware manufacturing business and continued to act in such capacity during receivership was entitled to reasonable compensation for additional liabilities and assumed responsibilities which he would not otherwise have had, notwithstanding raises he received during such time in line with raises granted all other employees over the period of about 4 years.

REFERENCES FOR POINTS IN HEADNOTES

[2] 45 Am Jur, Receivers § 275 et seq.
[4] 45 Am Jur, Receivers §§ 281, 282.
[5, 6] 45 Am Jur, Receivers §§ 287, 288.

5. SAME—COMPENSATION—DISCRETION OF COURT.

    The amount of compensation to be awarded a receiver for services rendered is, within reasonable bounds, a matter within the discretion of the trial court.

6. SAME—COMPENSATION—DISCRETION OF COURT—SUPERINTENDENT OF PRODUCTION.

    Award of $20 per week for 200 weeks to coreceiver of casket hardware manufacturing business was not an abuse of discretion, where he was the superintendent of production before his appointment and continued in such capacity during the receivership.

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 9, 1952. (Docket No. 15, Calendar No. 45,386.)  Decided May 16, 1952.

A receiver was appointed in specific performance suit between Charles Douglas Fisk and William T. Fisk. On hearing of final account it was allowed giving fees to receiver. Defendant appeals. Affirmed.

  *Douglas Leo Paterson,* for defendant.

  *George A. Kelly,* for William Schuett, coreceiver.

NORTH, C. J.  This case is an outgrowth of a suit brought by C. D. Fisk against W. T. Fisk to compel the transfer of a business then owned by W. T. Fisk to C. D. Fisk. Incident to the bill for specific performance C. D. Fisk and W. F. Schuett were appointed coreceivers for the business pending determination of the suit. The matter finally came to this Court. We dismissed the bill and remanded the case to the trial court for termination of the receivership. See *Fisk* v. *Fisk,* 328 Mich 570.

On October 10, 1950, a petition for discharge of receivers was filed in the trial court by the coreceivers. This petition sets forth the fact that W. F.

Schuett and C. D. Fisk had been appointed coreceivers of the Casket Hardware Manufacturing Company on December 13, 1946; that said appointment authorized them to operate the said business and account to the court for all receipts and disbursements; that they had done so from December 13, 1946, to the date of the petition. One of the petitioners, W. F. Schuett, set forth that previous to his appointment he had been a regular employee of said company as production superintendent, which duties he continued to perform while he was acting as receiver, for the same salary as he had received prior to his appointment as receiver, and that he had acted as receiver for a period of approximately 4 years, for which services he sought to be granted the sum of $4,000.

Attached to the petition was a statement and accounting of receipts and disbursements made during the receivership, and the petition prayed for allowance of the account and discharge of the receivers. W. T. Fisk filed answer and objections to this petition, alleging in substance that W. F. Schuett was not entitled to the $4,000 extra compensation because he had not performed any duties additional to those of production superintendent; and that even if Schuett did have a proper claim for compensation it was against C. D. Fisk, the party who had sought and obtained the appointment of receivers.

Hearing was had relative to discharge of the receivers and on the issue of Schuett's compensation, and at its conclusion the court ordered that the final account of the receivers be approved and that Schuett be compensated for services as a receiver in the amount of $4,000. W. T. Fisk, defendant in the original action, has appealed from that portion of the order which grants $4,000 compensation to W. F. Schuett. Appellant contends that because the original bill for specific performance, to which the

appointment of receivers was incidental, was dismissed, C. D. Fisk, the party who instigated the receivership, should be responsible for the costs thereof.

In a case such as this, the primary purpose of a receivership is to preserve and protect the property involved in the controversy. This being so it logically follows that he who ultimately establishes his right to the property thus held is the one who benefits from the property having been protected and preserved. *Bailey* v. *Bailey*, 262 Mich 215. For this reason the general rule followed by the courts is that "a receiver's compensation and the expenses necessarily incurred by him in preserving and caring for the property under the order of a court of competent jurisdiction are primarily a charge on and should be paid out of the fund or property in his hands, regardless of the ultimate outcome of the principal suit." 75 CJS, § 302a, p 978. An exception to this general rule is made in cases where the court which appointed the receiver had no jurisdiction to do so, and, also, in some cases where although the court had jurisdiction it was improper or improvident to appoint a receiver.* In the instant case the parties agreed by stipulation to the appointment of C. D. Fisk and W. F. Schuett as receivers, and by doing so appellant in effect waived any complaint he might otherwise make regarding the propriety or legality of the appointment and its effect upon the question of who was to bear the receivership expenses. See *Hertz* v. *Knudson* (CCA), 6 F2d 812; *Bowersock Mills & Power Co.* v. *Joyce* (CCA), 101 F2d 1000. Since appellant agreed to the appointment of the receivers his challenge of the right of one of them to a reasonable compensation for his

---

* Cases where appointment of a receiver was improper or illegal are gathered under 75 CJS, § 302b, p 978.

services as such, as a charge against the property held by the receivers, cannot prevail.

Appellant also asserts that W. F. Schuett has. already received sufficient compensation to cover the reasonable value of his services as receiver and as superintendent of production. At the time Schuett was appointed coreceiver he was earning $107 per week as superintendent of production. During the receivership he received 2 raises which brought his pay up to $127 per week. However these increases were in line with those given all the Fisk employees over the period from 1946 to 1950, and therefore should not be viewed as including any extra compensation for Schuett's services as receiver. The testimony shows that Schuett as receiver performed services in addition to those which were a part of his job as superintendent of production. There is also the fact that as receiver he incurred certain liabilities and assumed responsibilities which he would not otherwise have had. Mr. Schuett did not seek the position of receiver, but rather took it at the request of C. D. Fisk and W. T. Fisk. It would be unfair to deny him compensation for the added responsibility and duties which he assumed. The trial judge allowed him $20 per week for a period of 200 weeks.

Within reasonable bounds the amount of compensation to be awarded a receiver for services rendered is a matter within the discretion of the trial court. In the instant case the circuit judge had the advantage of having heard the main case and in consequence was fully cognizant of the character and extent of the business carried on during practically 4 years of this receivership; the trial court was also aware of the hostile attitude between appellant and his son who was prosecuting the suit, and also of the fact that appellant was incapaciated almost totally from aiding in the conduct of the business.

Contrary to appellant's contention, the record does not disclose any abuse of discretion by the trial judge in fixing Schuett's compensation as receiver at the rate of $20 per week. Nor were appellant's rights in this controversy prejudiced by the refusal of the trial judge to receive certain testimony offered by appellant.

"Receivers ordinarily have a right to compensation for their services and expenses, and such right is a strong equity, analogous to an obligation founded upon an implied contract, and is not dependent upon the mere arbitrary discretion of the court, if the appointment of the receiver was regular and his conduct has been free from exception. Such right of the receiver to compensation is a charge on the property or fund in receivership." 45 Am Jur, § 281, p 218.

The order of the circuit judge fixing the amount of compensation to be paid William F. Schuett as receiver is affirmed, with costs to appellee.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.