## COHEN v COHEN

Docket Nos. 55407, 57478, 57479, 59797, 59798, 61077, 61078. Submitted November 18, 1982, at Detroit.—Decided March 11, 1983. Leave to appeal denied, 417 Mich 1100.35.

Plaintiff Brenda M. Cohen and defendant Joseph S. Cohen were granted a judgment of divorce by the Oakland Circuit Court. The property settlement incorporated into the judgment provided that the plaintiff and the defendant would own the marital home as joint tenants with rights of survivorship until it was sold. When the plaintiff thereafter refused to cooperate in the sale of the home to Jack Weissberg and Doreen Weissberg, defendant moved to enforce the divorce judgment. The dispute resulted in a series of motions and orders by the trial court, Farrell E. Roberts, J., including orders consolidating the cases brought by the parties, granting defendant's motion for accelerated judgment, granting the receiver's motion for damages to replace personal property taken from the home, granting the receiver's fees and the receiver's appellate attorney fees and granting defendant's attorney fees. Plaintiff and defendant both appeal from several of the trial court's motions and orders. The Court of Appeals consolidated the cases on appeal. *Held:*

　　1. The plaintiff's claim that the trial court lacked subject

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 78, 79.
[2] 24 Am Jur 2d, Divorce and Separation § 241.
[3] 5 Am Jur 2d, Appeal and Error § 545.
[4] 1 Am Jur 2d, Actions § 158.
[5] 4 Am Jur 2d, Appeal and Error § 82.
　Appeal of state court order granting or denying consolidation, severence, or separate trials. 77 ALR3d 1082.
[6] 73 Am Jur 2d, Summary Judgment § 11.
[7] 46 Am Jur 2d, Judgments § 394 *et seq.*
[8] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 28.
[9] 65 Am Jur 2d, Receivers § 15.
[10] 65 Am Jur 2d, Receivers § 23.
[11] 65 Am Jur 2d, Receivers § 167.
[12] 66 Am Jur 2d, Receivers §§ 288, 291, 293.
[12, 13] 20 Am Jur 2d, Costs § 72.

matter jurisdiction over the property at issue is without merit. The trial court clearly had subject matter jurisdiction over the property when it entered the original divorce judgment. Circuit courts have jurisdiction and power to make any order proper to fully effectuate the court's jurisdiction and judgments.

2. The Court of Appeals will not review the substantive propriety of the trial court's order on the defendant's motion for enforcement of the divorce judgment since the plaintiff has not appealed from that order.

3. There was a substantial and controlling question of law and fact involved in both the plaintiff's action for declaratory judgment concerning the ownership of the property and the defendant's action to enforce the divorce judgment. However, the two cases were improperly consolidated since the defendant's action to enforce the divorce judgment had already been decided and was no longer pending. Nevertheless, although the consolidation was erroneous, it was harmless since the same judge was required by GCR 1963, 926.4(a) to hear both cases and, thus, the consolidation did not prejudice the plaintiff.

4. The trial court did not err in granting the defendant's motion for accelerated judgment on the basis of res judicata since the issues raised in the plaintiff's action concerning whether she had rights in the property other than those which had been granted by the divorce order had already been resolved in the defendant's prior action to enforce the divorce judgment.

5. The trial court erred in granting the defendant's motion for attorney fees in the plaintiff's declaratory judgment action since that case was dismissed prior to trial. The grant of an accelerated judgment is a dismissal prior to trial. An award of attorney fees under GCR 1963, 111.6 is not permissible where a case has been dismissed prior to trial.

6. The trial court did not err in appointing a receiver or in granting the receiver's motion to compel the plaintiff to return fixtures which she removed from the house or pay damages. The fees awarded to the receiver were reasonable.

7. The trial court did not err in ordering the plaintiff to pay the expenses of the receiver's appellate counsel since the appointment of the receiver was made necessary by the plaintiff's actions in interfering with the sale of the marital home and the plaintiff's subsequent appeal necessitated a response by the receiver's attorney because it raised an issue regarding the performance of the receiver's duties.

Affirmed in part, reversed in part.

1. COURTS — JURISDICTION — ENFORCEMENT OF ORDERS.

A court possesses inherent authority to enforce its own directives; circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit court's jurisdiction and judgments (MCL 600.611; MSA 27A.611).

2. COURTS — DIVORCE — EQUITY.

A divorce case is equitable in nature; a court of equity will do what is necessary to accord complete equity and to conclude the controversy once it acquires jurisdiction.

3. APPEAL — PRESERVING QUESTION.

The Court of Appeals is not free to review the substantive propriety of a trial court decision on a motion for enforcement of a judgment of divorce where the party alleging error in the decision has not appealed from the order on the motion.

4. COURT RULES — TRIAL — CONSOLIDATION OF ACTIONS.

A court rule provides for the consolidation of cases pending before a court which involve a substantial and controlling common question of law or fact; however, consolidation is improper where the overlap of proofs is merely incidental and where consolidation may prejudice a party because of possible confusion by the trier of fact (GCR 1963, 505.1).

5. TRIAL — CONSOLIDATION OF ACTIONS — APPEAL — COURT RULES.

A trial court's consolidation of two cases, although erroneous since one of the cases was already decided and no longer pending before the court, may be found to be harmless error where the two cases grew out of the same transaction or occurrence and were, therefore, required to be assigned to the same judge; since the same judge was required to hear both cases, the consolidation of the cases was not prejudicial (GCR 1963, 505.1, 926.4[a]).

6. JUDGMENTS — ACCELERATED JUDGMENT — PRIOR JUDGMENTS — COURT RULES.

An accelerated judgment may be granted upon the ground that the claim is barred by a prior judgment (GCR 1963, 116.1[5]).

7. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata bars the redetermination of an issue where three prerequisites are met: (1) the prior action must have resulted in a judgment on the merits, (2) the issues raised in the second action must have been raised and decided in the prior action, and (3) both actions must involve the same parties or their successors in interest.

8. COURTS — ATTORNEY FEES — COURT RULES.

Recovery of attorney fees pursuant to the court rule regarding unwarranted allegations and denials is not permitted where the case has been dismissed prior to trial; the grant of an accelerated judgment amounts to such a dismissal (GCR 1963, 111.6).

9. COURTS — JURISDICTION — RECEIVERS — EQUITY — STATUTORY AUTHORITY.

Circuit court judges may appoint receivers in all cases pending where appointment is allowed by law; the phrase "allowed by law" does not require the presence of statutory authority, rather, the Court of Appeals has interpreted the phrase to mean: (1) those cases where appointment of a receiver is provided for by statute, and (2) those cases where the facts and circumstances render the appointment of a receiver an appropriate exercise of the circuit court's equitable jurisdiction (MCL 600.2926; MSA 27A.2926).

10. COURTS — REMEDIES — RECEIVERS.

The primary purpose for the appointment of a receiver is to preserve property and to dispose of it under the order of the court; such appointment may be appropriate when other approaches have failed to bring about compliance with the court's orders.

11. COURTS — PROPERTY — RECEIVERS — INTERFERENCE WITH PROPERTY.

No one, including a party to a lawsuit, has the right to interfere with property which is in the court's possession through its receiver; the receiver has the right and duty to seek the court's assistance in preserving the property in good condition.

12. RECEIVERS — COMPENSATION — ATTORNEY FEES.

Receivers have a right to compensation for their services and expenses; a court may award a receiver's appellate attorney fees where such fees are necessary to the performance of the receiver's duties.

13. ATTORNEY AND CLIENT — ATTORNEY FEES.

Fees for appellate attorney services may be taxed where such services were actually rendered (MCL 600.2522; MSA 27A.2522).

*Gromek, Bendure & Thomas* (by *James G.*

*Gross),* and *Leonard Lemberg, P.C.* (by *Richard G. Partrich),* for Brenda Cohen.

*Sue Ann Canvasser,* for Joseph Cohen.

Before: M. F. Cavanagh, P.J., and R. B. Burns and Cynar, JJ.

Per Curiam. This case stems from a divorce action between Brenda Cohen (hereinafter plaintiff) and Joseph Cohen (hereinafter defendant). The property settlement incorporated into the divorce judgment provided that the plaintiff and the defendant would own the marital home as joint tenants with rights of survivorship until it was sold. The sale of the home blossomed into another dispute between the parties and resulted in a series of motions and orders which are now the subject of the plaintiff's appeal. Rather than listing each order at the outset, we will refer to each as we discuss the issues the plaintiff raises for our consideration.

Plaintiff first argues that the trial court lacked subject matter jurisdiction to grant the relief requested by the defendant in his motion to enforce the divorce judgment and thus its orders with relation to that judgment are void. Defendant had moved to enforce the divorce judgment when the plaintiff refused to cooperate in the sale of the marital home to Jack Weissberg and Doreen Weissberg. Plaintiff claims that the trial court lacked subject matter jurisdiction over the defendant's motion because the defendant had quitclaimed his interest in the marital home to the plaintiff, thereby destroying the estate created by the divorce judgment and leaving no property interest subject to the court's jurisdiction. Plaintiff glosses over the fact that she executed a quitclaim

deed to the defendant on the same day he executed his to her, conveying her rights in the property to herself and the defendant as joint tenants. The trial court held that the two deeds cancelled each other and thus did not modify the divorce decree.

We find the plaintiff's claim that the trial court lacked subject matter jurisdiction over the property at issue to be without merit. The court clearly had subject matter jurisdiction over the property when it entered the original divorce judgment. As we stated in *Schaeffer v Schaeffer,* 106 Mich App 452, 457-458; 308 NW2d 226 (1981):

"A court possesses inherent authority to enforce its own directives. A divorce case is equitable in nature, and a court of equity molds its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy. Moreover, MCL 600.611; MSA 27A.611 provides:

" 'Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments.' " (Footnotes omitted.)

Plaintiff's argument with respect to the two quitclaim deeds seeks, in effect, to have us review the merits of the trial court's decision on the defendant's motion for enforcement of the divorce judgment. Since the plaintiff has not appealed from that order, we are not free to review its substantive propriety.

Plaintiff next argues that the trial court erred in consolidating the plaintiff's action for a declaratory judgment concerning the ownership of the property with the defendant's action to enforce the divorce judgment. GCR 1963, 505.1 provides for the consolidation of cases pending before the court

which involve "a substantial and controlling common question of law or fact". Consolidation is improper where the overlap of proofs is merely incidental and where consolidation may prejudice a party because of possible confusion by the trier of fact. *Sullivan v The Thomas Organization, PC,* 88 Mich App 77, 86; 276 NW2d 522 (1979).

We find that there was a substantial and controlling question of law and fact involved in the two actions which were consolidated. In each case the central question was whether the defendant had any property rights in the marital home following the execution of the two quitclaim deeds. However, the plaintiff is correct in arguing that the two cases were improperly consolidated because the defendant's action to enforce the divorce judgment was no longer pending but had already been decided. As we previously noted, GCR 1963, 505.1 provides only for consolidation of cases pending before the court. Although the consolidation was erroneous, we find the error to be harmless because GCR 1963, 926.4(a) provides that actions growing out of the same transaction or occurrence are to be assigned to the same judge. Since the same judge was required to hear both cases, the consolidation of the cases did not prejudice the plaintiff.

Plaintiff next argues that the trial court erred in granting the defendant's motion for accelerated judgment. Defendant had moved for an accelerated judgment dismissing the plaintiff's suit based on the doctrines of res judicata or collateral estoppel. GCR 1963, 116.1(5) provides that an accelerated judgment may be granted upon the ground that a claim is barred by a prior judgment. In order for a claim to be barred on the basis of res judicata, the following three elements must be present: (1) the

prior action must have resulted in a judgment on the merits, (2) the issues raised in the second action must have been raised and decided in the prior action, and (3) both actions must involve the same parties or their successors in interest. *San Joaquin County, California v Dewey,* 105 Mich App 122, 130-131; 306 NW2d 418 (1981).

In the instant case, both actions involved the same parties. The defendant's prior action to enforce the divorce judgment was decided on its merits, after a hearing at which both parties were given an opportunity to present evidence. We find that the issue raised in the second case, *i.e.,* whether the plaintiff had rights in the property other than those which had been granted by the divorce, had already been resolved in the defendant's prior action. The trial court did not err in granting the defendant's motion for accelerated judgment on the basis of res judicata.

Plaintiff next argues that the trial court erred in granting the defendant's motion for attorney fees in the plaintiff's declaratory judgment action because such fees may not be awarded when a case is dismissed prior to trial. We agree. This Court has held that an award of attorney fees under GCR 1963, 111.6 is not permissible where the case has been dismissed prior to trial; the grant of an accelerated judgment is such a dismissal. *Reppuhn v Abell,* 97 Mich App 407; 296 NW2d 44 (1980); *Goodrich Theaters, Inc v Warner Brothers Distributing Corp,* 103 Mich App 548; 302 NW2d 913 (1981).

The remaining three issues involve the receiver appointed by the trial court to sell the property in question. Plaintiff argues that the trial court erred in granting the receiver's motion to recover personal property or damages, with respect to fixtures

the plaintiff removed from the home, because the receiver had no authority to make the motion, erred in awarding excessive fees to the receiver, and erred in awarding fees to pay for the expenses of the receiver's appellate counsel.

MCL 600.2926; MSA 27A.2926 provides that circuit court judges "may appoint receivers in all cases pending where appointment is allowed by law". The phrase "allowed by law" does not require the presence of statutory authority, although such exists in certain situations. Rather, this Court has interpreted that phrase to mean: "(1) those cases where appointment of a receiver is provided for by statute and (2) those cases where the facts and circumstances render the appointment of a receiver an appropriate exercise of the circuit court's equitable jurisdiction". *Petitpren v Taylor School Dist,* 104 Mich App 283, 294; 304 NW2d 553 (1981). The appointment of a receiver may be appropriate when other approaches have failed to bring about compliance with the court's orders. *Petitpren, supra,* p 295.

We find no error in the court's appointment of a receiver or the court's grant of the receiver's motion to compel the plaintiff to return the fixtures or pay damages. The primary purpose of a receiver is to preserve property and to dispose of it under the order of the court. *Westgate v Westgate,* 294 Mich 88, 91; 292 NW 569 (1940). Here, the receiver was acting properly in attempting to secure the return of the fixtures which the plaintiff admitted she had removed from the property. No one, including a party, has the right to interfere with property which is in the court's possession through its receiver, and the receiver has the right and duty to seek the court's assistance in preserving the property in good condition.

Furthermore, we do not find that the fees awarded to the receiver were excessive. Receivers have a right to compensation for their services and expenses, *Fisk v Fisk,* 333 Mich 513, 518; 53 NW2d 356 (1952), and we find the award reasonable in light of the actions the receiver was required to take in order to protect the property.

Lastly, the plaintiff argues that the trial court erred in ordering the plaintiff to pay the expenses of the receiver's appellate counsel. We disagree. The court had the authority to award the receiver's appellate attorney fees when such fees were necessary to the performance of the receiver's duties. *In re Dissolution of Henry Smith Floral Co,* 260 Mich 299, 303; 244 NW 480 (1932). In this case, the appointment of a receiver was made necessary by the plaintiff's actions in interfering with the sale of the marital home, and the plaintiff's subsequent appeal necessitated a response by the receiver's attorney because it raised an issue regarding the performance of the receiver's duties. Since appellate attorney services were actually rendered, fees for those services may be taxed. See MCL 600.2522; MSA 27A.2522.

The trial court's orders consolidating the cases, granting accelerated judgment, granting the receiver's motion for damages to replace personal property taken from the home, and granting the receiver's fees and the receiver's appellate attorney fees are affirmed. The court's order granting the defendant's attorney fees is reversed.

Affirmed in part, reversed in part. No costs, neither party having prevailed in full.