# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARK CHABAN, PC, MIDWEST OIL SUPPLY, INC., and TINDALL & CO., PC,

        Plaintiffs,

v

HARMINDER K. RATHORE, also known as KITTY RATHORE, GURNOOR RATHORE, PRITAM RATHORE, MALKIAT RATHORE, also known as MALIAT RATHORE, MOHAN S. RATHORE, KITTY RATHORE, BAKSHINDER BHATTI, INDERJIT S. BHATTI, MALIAT RAPHORD, JASVIR KAUR, also known as JASVIR JAUR, ISHTADEV RATHORE also known as RAY RATHORE, and DOABA TRUCK STOP, INC.,

        Defendants-Appellees,

and

PAUL F. MCNAMARA,

        Appellant.

UNPUBLISHED
March 1, 2016

No. 324496
Macomb Circuit Court
LC No. 2010-005280-CZ

---

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

I agree with the majority's decision to reverse the three trial court orders granting defendants' motion for disgorgement and motion to compel, and denying in part receiver McNamara's motion for reconsideration. However, I believe that, in addition to reversing the trial court's decision that receiver McNamara refund $16,097.66, the case must be remanded to the trial court for a hearing, in which the trial court must determine (1) the fees the receiver received, and (2) whether the fees were reasonable.

A receiver is entitled to compensation for his services and for the expenses he incurs. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 280; 761 NW2d 761 (2008). However, a receiver is only entitled to *reasonable* compensation, and the receiver's fees must not be

excessive. *Id*. at 280-281. The compensation that a receiver receives is within the discretion of the trial court, but it must be within reasonable bounds. *Fisk v Fisk*, 333 Mich 513, 517; 53 NW2d 356 (1952). MCR 2.622 was recently revised to describe the process for payment of receiver fees and expenses. MCR 2.622(F)(2)(c) provides that the order appointing a receiver must specify "that all compensation of the receiver is subject to final review and approval of the court." MCR 2.622(F) describes the process that the receiver must follow in order to apply in the trial court for payment of fees and expenses, and the application must include, among other things, the amount of fees and expenses requested, a reasonable description of the services provided, a reasonable description of the time expended, and a reasonable description of the expenses incurred by the receiver. MCR 2.622(F)(5). The court rule also requires the filing of a notice providing that the fees and expenses will be deemed approved if not objected to in writing within seven days. MCR 2.622(F)(4).[1]

The trial court never made a determination regarding the compensation the receiver received and whether the compensation was reasonable. The order appointing receiver McNamara provided, in relevant part, that he was entitled to reasonable compensation and reimbursement of expenses at his regular rate of $250. The order specified that receiver McNamara must serve periodic requests for reasonable compensation, which must be paid within 10 days of an accounting and approval by the parties. The order added that the monthly reporting must be objected to within 10 days of service. There was no provision regarding the court's review of the fees and expense reimbursement.

The parties dispute the amount that receiver McNamara received in fees. Defendants initially contended that receiver McNamara received $16,097.00, but later argued in an amended motion for an order compelling receiver McNamara to refund the funds he received from DOABA that DOABA paid him $35,895.60.[2] Meanwhile, receiver McNamara contended that he

---

[1] The current version of MCR 2.622 did not take effect until May 1, 2014, which was after entry of the order appointing McNamara as receiver and after entry of the initial order for disgorgement, but before the remaining orders were entered. 495 Mich ccix-ccxix (2014). However, the previous version of MCR 2.622(D), as adopted March 1, 1985, 421 Mich lxvii (1985), also gave the trial court the authority to set a receiver's compensation. The court rule provided, in relevant part, that when the receiver did not have any funds at the termination of the receivership,

> the court, on application of the receiver, may set the receiver's compensation and the fees of the receiver's attorney for the services rendered, and may direct the party who moved for the appointment of the receiver to pay these sums in addition to the necessary expenditures of the receiver. [MCR 2.622(D), as adopted March 1, 1985, 421 Mich lxvii (1985).]

Thus, under both the previous court rule and the current court rule, the trial court has authority over the compensation of the receiver.

[2] Defendants offered evidence in the form of a DOABA account summary and DOABA bank records showing debits to DOABA's bank account, which indicated that receiver McNamara

received at most $19,797.94, which included $14,655.03 paid to him, $2,615.30 paid to his attorney, and $2,527.61 paid to his accountant. On appeal, receiver McNamara argues that the trial court erred in ordering him to disgorge $16,097.66 because he only received $14,655.03 in fees and expense reimbursement. Thus, it is clear that the parties dispute the exact amount that the receiver received.

The trial court initially ordered receiver McNamara to return $35,895.60. The trial court on reconsideration determined that receiver McNamara received $16,097.66 based solely on a statement in defendants' January 13, 2014 motion, which alleged that receiver McNamara received $16,097.00 from DOABA. There is no indication that the trial court ever approved or even knew the exact amount that receiver McNamara received. Instead, the record indicates that receiver McNamara billed defendants differing amounts without the trial court's review and approval. There is also no indication that the trial court ever determined whether the amount that receiver McNamara billed or the amount that he received was reasonable. It was the role of the trial court to determine what compensation the receiver obtained and whether the compensation was reasonable. See *Fisk*, 333 Mich at 517.[3] Therefore, I would remand the case to the trial court in order for the court to conduct a hearing and determine (1) the amount that receiver McNamara received in fees and expenses, and (2) whether the compensation was reasonable. I would direct the trial court to order the disgorgement of any unreasonable compensation that receiver McNamara received.

/s/ Kathleen Jansen

---

received $19,797.94 from DOABA in addition to the $16,097.66 that defendants previously asserted he received.

[3] In its concern for judicial economy, the majority would have the trial court abrogate its duty to make a determination regarding the validity and reasonableness of the receiver's fees and costs. Given the discrepancy between what defendant's records show that receiver McNamara received in compensation and what receiver McNamara says he received, it was incumbent on the court to make a determination regarding what receiver McNamara actually received in compensation.