# STATE OF MICHIGAN

# COURT OF APPEALS

MARK CHABAN, P.C., MIDWEST OIL
SUPPLY, INC., and TINDALL & CO., P.C.

       Plaintiffs,

v

HARMINDER K. RATHORE, a/k/a KITTY
RATHORE, GURNOOR RATHORE, PRITAM
RATHORE, MALKIAT RATHORE, MALIAT
RATHORE, MOHAN S. RATHORE, KITTY
RATHORE, BAKSHINDER BHATTI, INDERJIT
S. BHATTI, MALIAT RAPHORD, JASVIR
KAUR, JASVIR JAUR, ISHTADEV RATHORE,
RAY RATHORE, and DOABA TRUCK STOP,
INC.,

       Defendants-Appellees,

and

PAUL F. MACNAMARA,

       Appellant.

UNPUBLISHED
March 1, 2016

No. 324496
Macomb Circuit Court
LC No. 2010-005280-CZ

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

       Receiver/Appellant, Paul F. McNamara, appeals as of right from three trial court orders granting defendants' motion for disgorgement and motion to compel, and denying in part his motion for reconsideration. On appeal, receiver McNamara argues that the trial court erred in ordering him to refund to defendants $16,097.66 that he collected during the receivership. We reverse.

       Receiver McNamara argues that the trial court erred in granting defendants' motion for disgorgement. We agree.

-1-

"[D]ecisions regarding equitable claims, defenses, doctrines, and issues are reviewed de novo." *Beach v Lima Twp*, 283 Mich App 504, 508; 770 NW2d 386 (2009). However, we review the findings of fact supporting those decisions for clear error. *Id.* at 521. This Court reviews for an abuse of discretion a trial court's decision to discharge a receiver and to terminate a receivership. *Singer v Goff*, 334 Mich 163, 167; 54 NW2d 290 (1952). Additionally, "within reasonable bounds the amount of compensation to be awarded a receiver for services rendered is a matter within the discretion of the trial court." *Fisk v Fisk*, 333 Mich 513, 517; 53 NW2d 356 (1952). An abuse of discretion occurs only when the trial court's decision is outside the range of "reasonable and principled outcome[s]." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Questions of statutory interpretation are also reviewed de novo. *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011).

A circuit court has broad jurisdiction to appoint a receiver in an appropriate case. *Reed v Reed*, 265 Mich App 131, 161; 693 NW2d 825 (2005). The primary purpose of a receivership is to preserve and protect the property involved in a controversy. *Fisk*, 333 Mich at 516. The trial court relied on MCL 600.2926 in granting defendants' motion for disgorgement, which provides:

> Circuit court judges in the exercise of their equitable powers, may appoint receivers in all cases pending where appointment is allowed by law. This authority may be exercised in vacation, in chambers, and during sessions of the court. In all cases in which a receiver is appointed the court shall provide for bond and shall define the receiver's power and duties where they are not otherwise spelled out by law. Subject to limitations in the law or imposed by the court, the receiver shall be charged with all of the estate, real and personal debts of the debtor as trustee for the benefit of the debtor, creditors and others interested. *The court may terminate any receivership and return the property held by the receiver to the debtor whenever it appears to be to the best interest of the debtor, the creditors and others interested.* [MCL 600.2926 (emphasis added).]

We disagree with the trial court and defendants that MCL 600.2926 applies in the instant proceedings. It is important to note that it has already been determined by this Court that the appointment of the receiver constituted an abuse of discretion. *Chaban v Rathore*, unpublished opinion per curiam of the Court of Appeals, issued November 21, 2013 (Docket No. 308326); slip op at 14. In this appeal, the issue revolves around whether the trial court's remedy following the abuse of discretion—disgorgement by the receiver—was proper.

While the statute reflects that the appointment of a receiver is equitable in nature, the provision specifically relied on by the trial court provides that the trial court may "return the property *held* by the receiver to the debtor." It appears undisputed that, by the time of the motion for disgorgement, the property was no longer being held by the receiver. Rather, it had been paid to the receiver and his agents for services provided during the course of the receivership. Indeed, the order appointing the receiver provided that financial assets that came into the custody and control of the receiver would be deposited in a bank account and would be applied or paid in order of priority, the first being "[t]o pay the fees, costs and expenses of the Receiver and the people and/or entities hired by the Receiver[.]" The receiver was entitled to reasonable compensation. Pursuant to the order:

Receiver shall serve on the parties periodic requests for the payment of such reasonable compensation and the amounts of the fees and costs presented shall be paid from the financial assets collecting by the Receiver within ten days of rendering of an account by the Receiver and approval by the Parties. Objections to any monthly report shall be made to this Court within ten (10) days of service or will be considered waived.

Here, the receiver was appointed in February 2011. The trial court dismissed the case and the receivership on January 23, 2012, almost a year later. The trial court ordered that plaintiffs pay the receiver's fees. Plaintiffs appealed, and this Court issued an opinion on November 21, 2013, holding that the trial court abused its discretion in appointing the receiver. By this time, the property had long since been paid and was no longer being held by the receiver. Thus, the trial court did not have the power pursuant to MCL 600.2926 to return the property to defendants.

We note that defendants do not allege that the receiver failed to follow the procedure for requesting payment provided in the order, and it does not appear that defendants ever challenged accountings made by the receiver. Defendants do argue that the receiver did not seek court approval before payment. However, as the receiver recognizes, he was not required to seek court approval.[1]

It is true that "[w]hen a court is without jurisdiction to appoint a receiver, the property inappropriately obtained by the receiver should be restored, as nearly as possible, to the party from whom it was obtained." *Reed*, 265 Mich App at 162. In *Reed*, this Court held that the trial court lacked jurisdiction to appoint a receiver, and, thus, the receivership order was voidable. *Id*. The receivership in that case dealt with a piece of real property, and the Court stated "because the receiver has taken steps to sell portions of the disputed property, it will be necessary for the trial court on remand to fashion appropriate orders to terminate the receivership as may be equitable." *Id*. The Court cited MCL 600.2926 for support. *Id*. at 162-163. However, *Reed* is distinguishable from the case at bar. In *Reed*, the real property had not yet been disposed of, and

---

[1] The dissent asserts that MCR 6.222(F)(2)(c) provides that the order appointing a receiver must specify "that all compensation of the receiver is subject to final review and approval of the court." However, the dissent acknowledges that this provision did not take effect until May 1, 2014, after the entry of the order appointing receiver McNamara. The dissent offers no legal basis for why this court rule should retroactively apply here. In addition, we are unconvinced that under the former version of the rule, MCR 6.222(D) was applicable to the current case, especially given that the language in the order appointing the receiver. The court rule provides that the trial court *may* set the receiver's compensation, on application from the receiver. Indeed, this provision seems to provide recourse for a receiver in the event that a receivership ends and he is left without compensation. Even assuming the trial court had authority over the compensation for the receiver, the receivership was terminated years ago, and defendants made no challenge to the receiver's compensation. On appeal, the most defendants argue in this regard is that receiver McNamara did not receive court approval for his fees. However, defendants make no legal argument that he was required to receive court approval.

-3-

was still being held by the receiver. *Id*. at 139. Here, the property seized was disposed of years before the instant proceedings, thereby removing this case from the application of MCL 600.2926 and consideration of the equities of terminating the order.

Overall, we are sympathetic to defendants in this matter. However, the receiver was also an innocent party in these proceedings. There are no allegations or proof that the receiver acted improperly or otherwise not in accordance with the requirements of his appointment. The seized property was dispersed pursuant to the appointment order long ago, and we do not see how requiring the receiver to now pay those funds back, years later, would be an equitable solution.

All parties rely on *Fisk* to support their position. In *Fisk*, our Supreme Court explained that the purpose of a receivership was to preserve and protect property in a controversy.

> This being so it logically follows that he who ultimately establishes his right to the property thus held is the one who benefits from the property having been protected and preserved. For this reason the general rule followed by the courts is that a receiver's compensation and the expenses necessarily incurred by him in preserving and caring for the property under the order of a court of competent jurisdiction are primarily a charge on and should be paid out of the fund or property in his hands, regardless of the ultimate outcome of the principal suit. *An exception to this general rule is made in cases where the court which appointed the receiver had no jurisdiction to do so, and also in some cases where although the court had jurisdiction it was improper or improvident to appoint a receiver.* [*Fisk*, 333 Mich at 516 (internal quotation marks and citations omitted).]

Initially, we note that the exception noted by the *Fisk* Court is implicated here, as the Court ruled that the initial appointment of the receiver was improper. However, the discussion in *Fisk* related to which party should ultimately be responsible for the receiver's fees. Here, is it undisputed that the exception applies and plaintiffs, ultimately, should be liable for the receiver's fees. However, that is not the issue presented here. The issue is whether the receiver should now be required to reimburse defendants for the seized property, and, again, we see no legal or equitable basis for that result.

Finally, the trial court relied heavily on our Court's prior opinion in ordering disgorgement. However, as the receiver argues, this Court never ordered, or suggested, disgorgement. Thus, while this Court clearly found the actions of the trial court to be an abuse of discretion, there was no indication that the receiver should be required, years later, to disgorge the seized funds.

Given our disposition, it is unnecessary for us to address whether the trial court erred in its determination of the amount that receiver McNamara actually received. Indeed, we opine the remanding for a hearing to determine the amount that McNamara received would constitute a waste of judicial resources, as well as the parties' resources, given the disposition of the case. Further, neither party requested a hearing regarding whether the receiver's fees were reasonable. Rather, the dissent suggests, sua sponte, that the trial court be required to make such a determination. We do not agree that this is appropriate given the parties' arguments on appeal and the circumstances of the case.

-4-

Reversed.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood