*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THERESA ONEY MARLOW,

Plaintiff-Appellee,

v

MARCUS MARLOW,

Defendant,

and

ARTHUR R. VAN DER VANT,

Appellant.

UNPUBLISHED
January 23, 2020

No. 345021
Wayne Circuit Court
LC No. 13-101066-DM

Before: K. F. Kelly, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Following the judgment of divorce of plaintiff and defendant, at plaintiff's request the trial court appointed Arthur R. van der Vant as the "receiver" in this matter. He appeals as of right an order setting aside the Order Resolving Differences. For the reasons set forth in this opinion, we vacate that portion of the trial court's order that sets aside the Order Resolving Differences and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

When plaintiff and defendant divorced in 2014 they had two young children. Plaintiff was awarded sole legal and physical custody and defendant was ordered to pay monthly child support of $1,806.00. On September 19, 2014, plaintiff filed a motion to appoint a receiver noting that defendant had defied the court's authority and was found in contempt, that defendant had refused to pay child support and other money owing to plaintiff, and that defendant had refused to offer any payment or plan for payment relative to his obligations. Plaintiff asked that the receiver "be appointed by [the court] to intercept defendant's income to address his Court orders for payment in a timely responsible fashion" and that the receiver "be paid from the

-1-

Defendant's funds which come under the control of the Receiver." The trial court granted plaintiff's motion on November 21, 2014. It ordered that the receiver would be permitted to use discovery to obtain information about defendant's income, including income from practicing medicine and managing or renting real estate properties. The receiver was empowered to collect rents on relevant properties and all income related to defendant's medical practice, and to pursue collections to satisfy the judgment of divorce and child support debts in both Michigan and Illinois. He was required to submit periodic written reports to plaintiff's counsel as well as a final report. The court set the receiver's fees at $180.00 per hour plus costs, but retained the authority to review all fees for reasonableness and the right to reduce fees deemed excessive.

Once the receiver was appointed, he noted that "after defendant was served with the Notice of Receivership and was asked to surrender the control of the rental units and nonexempt income to receiver, defendant's response was: "You will never be in control of this; ever, ever."" Defendant was ordered to show cause on numerous occasions for failure to pay his support obligation or to comply with the trial court's order appointing the receiver. The receiver remained on task and submitted eight receiver's reports and applications for fees between February 26, 2015 and May 8, 2017. The trial court approved the fees and costs submitted for approval, as well as the fees and costs of the receiver's counsel. After failing to appear for the first motion to show cause in 2015, a bench warrant was issued for defendant's arrest. Defendant remained recalcitrant throughout the proceedings and refused to pay child support, and was successful in keeping any income from the receiver.

At one point during the proceedings, the receiver sought payment for his fees and costs and those of his counsel from plaintiff. After exchanging several motions, the receiver and plaintiff engaged in settlement negotiations. Ultimately, plaintiff and the receiver came to an agreement that any sums of money paid by defendant to plaintiff, plaintiff's counsel, the receiver, or receiver's counsel would be shared by dividing it up so that each of these four parties would get 25%. On February 1, 2017, the trial court issued an order memorializing this agreement, entitled the "Order Resolving Differences."

On May 4, 2017, a warrant was signed for defendant's arrest for felony nonsupport. On January 22, 2018, this matter was administratively transferred a new judge. On March 27, 2018, plaintiff and the receiver filed a joint motion to appoint a guardian ad litem for defendant after learning that the trial judge in the criminal case had determined that he "was not competent to stand trial on the charge." On April 25, 2018, the parties appeared before the trial court. The trial court granted plaintiff and the receiver's joint motion to appoint a guardian ad litem and appointed Ethan John Marlow temporary guardian. On May 18, 2018, as part of continuing negotiations between the parties, the receiver emailed defendant's guardian the 22nd draft of a proposed consent order. Defendant's guardian declined to settle.

At a subsequent hearing, the receiver requested that the trial court set a show cause hearing to find defendant in contempt of court. The trial court inquired regarding defendant's competency and subsequently dismissed the show cause order given the criminal court's determination regarding defendant's competence. The trial court then granted the receiver's request to be dismissed. Next, the trial court, sua sponte, set aside the Order Resolving Differences, finding it "illegal." It issued a written order on June 25, 2018 discharging the receiver "on satisfaction of all parties" and dissolving the receiver's bond; dismissing the

receiver's motion to show cause as moot because defendant was previously found incompetent to stand trial; setting aside the "Order Resolving Differences" dated February 1, 2017; and continuing defendant's bond. The receiver filed a motion for reconsideration which the trial court denied. The receiver now appeals as of right.

## II. ANALYSIS

### A. DUE PROCESS

On appeal, the receiver argues that the trial court deprived him of his property interest in getting paid for his services by sua sponte setting aside the Order Resolving Differences without notice and a meaningful opportunity to be heard. "The United States and Michigan Constitutions preclude the government from depriving a person of life, liberty, or property without due process of law." *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 605-606; 683 NW2d 759 (2004), citing US Const, Amend XIV; Const 1963, art 1, § 17. "Procedural due process serves as a limitation on governmental action and requires a government to institute safeguards in proceedings that might result in a deprivation of life, liberty, or property." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 213; 761 NW2d 184 (2008). "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). The notice provided must "be reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Maxwell v Dep't of Environmental Quality*, 264 Mich App 567, 574; 692 NW2d 68 (2004).

At issue here is the receiver's property interest in the form of compensation for his services to the trial court, committed to writing in the Order Resolving Differences. The receiver submitted eight receiver's reports and applications for fees between February 26, 2015 and May 8, 2017, and all submitted fees were found to be reasonable and approved for payment by Judge Hegarty. At the time the receiver was discharged by Judge Halloran, the receiver's ninth report and application for fees remained outstanding. Because plaintiff was not receiving court-ordered child support payments and plaintiff's attorney, the receiver, and the receiver's attorney were not being compensated for their ongoing services. However, the record demonstrates that despite the fact that the receiver was not able to recover significant amounts of money from defendant, plaintiff, plaintiff's attorney, and Judge Hegarty were satisfied with the receiver's services.

"Receivers have a right to compensation for their services and expenses." *Cohen v Cohen*, 125 Mich App 206, 215; 335 NW2d 661 (1983); "Circuit courts appointing receivers should be cognizant of MCR 2.622(D), which permits a circuit court, on application of the receiver, to set the compensation of the receiver, and to require the party requesting the receivership to bear the costs associated with it. But regardless of whether a circuit court chooses to exercise its discretion under the court rule, the circuit court, at the time it appoints a receiver, should nevertheless make provision for the payment of receivership expenses and should be aware of the order of priority of any competing interests and other relevant collateral issues that could affect a receiver's compensation." *In re Receivership of 11910 South Francis Rd*, 492 Mich 208, 232; 821 NW2d 503 (2012). Here, Judge Hegarty set the receiver's rate in

the Order Appointing Receiver on November 21, 2014 and ordered that defendant was responsible for all of the receiver's fees. And later, Judge Hegarty approved the result of the party's negotiation concerning their competing interests in the form of the Order Resolving Differences which directed how everyone would ultimately be paid.

After Judge Halloran took over the case, there was a hearing on June 25, 2018. The only motions scheduled by any of the parties for hearing on that date were the Receiver's Motion to Schedule Show Cause Hearing and to Discharge Receiver and Plaintiff's Motion to Compel Friend of the Court to Correct Account arrearage. At the hearing, the trial court dismissed the receiver's request to schedule a show cause hearing because defendant had been adjudicated incompetent in the corresponding criminal case. Without discussion, the trial court granted the receiver's request to be dismissed as the receiver. Finally, the trial court took up the plaintiff's motion to compel the Friend of the Court to correct the official account. The trial court brought up the Order Resolving Differences, stating, "the order of predecessor judge dividing the payments four ways is to be set aside. All support payments go to the mother. And if the mother winds up having to pay attorney fees or costs then she will come back to the Court and then she will have those reimbursed and the Friend of the Court will consider whether or not they will get involved in doing this and collecting those fees." When the receiver protested, that "the order dividing payments four ways was an agreed order," the court cut him off, saying that the order was illegal.

The receiver did not receive notice that the trial court planned to raise the legality of the Order Resolving Differences at the June 25, 2018 hearing. The trial court sua sponte brought up the order during the hearing as part of its response to plaintiff's motion regarding the addition of fees to defendant's Friend of the Court account. Neither the receiver nor plaintiff raised the legality of the Order Resolving Differences in either of the motions that were set to be heard that day. When the trial court brought up the Order and set it aside, the receiver attempted to make an argument, but the trial court did not allow it. Based on the foregoing, we conclude that the trial court did not meet the basic requirements of due process. While the receiver had notice of the hearing and attended it, he was not aware and had no reason to know that Judge Halloran would be bringing up and discussing the merits of an 18-month-old order issued by Judge Hegarty. Allowing the receiver to present only one and a half sentences of argument on an issue before being cut off does not amount to a meaningful opportunity to be heard or to present his objections. *Al-Maliki*, 286 Mich App at 485; *Maxwell*, 264 Mich App at 574.

Further, in this case, due process safeguards were not satisfied during the motion for reconsideration. See *Al-Maliki*, 286 Mich App at 485-486 (indicating that where a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity to be heard on rehearing or reconsideration); *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 406; 576 NW2d 667 (1998) (due process safeguards satisfied by opportunity to move for reconsideration and evidence that Michigan Tax Tribunal considered the issues raised in the motion for reconsideration). Here, the trial court decided the motion for reconsideration without oral argument pursuant to MCR 2.119(F)(2). The trial court's order denying reconsideration and reinstatement contains boilerplate language and does not present any legal analysis regarding the issues the receiver raised in his motion for reconsideration concerning the legality of the Order Resolving Differences. Most notably, the trial court stated that "the Receiver cites to legal authorities and evidence that could have been raised at the time of the

hearing." We find this statement disingenuous because the facts of the case illustrate that the receiver actually did not have the opportunity to raise "legal authorities and evidence" at the time of the hearing. The fact that the trial court used that reasoning to deny the receiver's reconsideration motion on that basis demonstrates to us that the basic requirements of due process were not met in this case. *Al-Maliki*, 286 Mich App at 485; *Maxwell*, 264 Mich App at 574. For these reasons, we vacate that portion of the trial court's order that sets aside the Order Resolving Differences and remand for fourth proceedings consistent with this opinion.[1]

## B. ORDER RESOLVING DIFFERENCES

The receiver next argues that the Order Resolving Differences does not require the Friend of the Court to collect or add receiver's fees and attorney fees to the Friend of the Court's child support account balance, so the trial court erred when it concluded that the order violates the Friend of the Court act, MCL 552.501, as well as the guidelines in the Michigan IV-D Child Support Manual.

"The primary purpose of a receiver is to preserve property and to dispose of it under the order of the court." *Band v Livonia Associates*, 176 Mich App 95, 104 439 NW2d 285 (1989), also see *Westgate v Westgate*, 294 Mich 88, 91; 292 NW 569 (1940). Circuit judges, in the exercise of their equitable powers, may appoint receivers in all cases pending where appointment is allowed by law. MCL 600.2926. The phrase "allowed by law" is not limited to situations where appointment of a receiver is provided for by statute. It also refers to those cases where the facts and circumstances justify appointment of a receiver in order to afford equitable relief. *Band*, 176 Mich App at 105. "A court has the basic responsibility of enforcing its own orders and has considerable discretion in choosing the means to be employed." *Id*. (citation omitted).

"Receivers have a right to compensation for their services and expenses." *Cohen*, 125 Mich App at 215. "Receivers ordinarily have a right to compensation for their services and expenses, and such right is a strong equity, analogous to an obligation founded upon an implied contract, and is not dependent upon the mere arbitrary discretion of the court, if the appointment of the receiver was regular and his conduct has been free from exception. Such right of the receiver to compensation is a charge on the property or fund in receivership." *Fisk v Fisk*, 333 Mich 513, 518, 53 NW2d 356 (1952) (internal quotations and citation omitted.)

When seeking payment, a receiver looks first to the property itself. *Fisk*, 333 Mich at 516. "If there are insufficient funds because, for example, a creditor with a superior lien is owed more than what the property is worth, then the receiver may petition the court pursuant to MCR

---

[1] Holding that the receiver is entitled to relief on the basis of his due process arguments, we need not consider the receiver's alternative argument that the trial court was precluded under MCR 2.613(B) from setting aside the Order Resolving Differences. If we did consider the arguments we would conclude that the receiver is not entitled to relief because once the action was administratively transferred from Judge Hegarty, he became unable to act and Judge Halloran was then empowered to rule in the matter.

2.622(D) to order the party who sought the appointment of the receiver to compensate the receiver for his or her costs and fees." *In re Receivership of 11910 South Francis Rd*, 492 Mich at 232 n 48.

In this case, plaintiff sought the appointment of the receiver and the trial court appointed the receiver and set his compensation rate in an order dated November 21, 2014. The receiver sought payment from plaintiff and on February 1, 2017, after plaintiff, her counsel, the receiver, and the receiver's counsel negotiated an agreement regarding payment of receiver's fees and receiver's attorney's fees, the trial court entered the Order Resolving Differences which states in pertinent part:

> IT IS FURTHER ORDERED that Receiver's request for Receiver's Fees and Receiver's Attorney Fees is withdrawn as to the Plaintiff for fees and costs incurred in the past.

> IT IS FURTHER ORDERED that Receiver shall not seek Receiver's Fees and Receiver's Attorney Fees from Plaintiff for fees and costs in the future.

> *     *     *

> IT IS FURTHER ORDERED that all money received from the Defendant in the future, directly or indirectly, by the Receiver, and / or the Receiver's Attorney, by the Plaintiff, and/or the Plaintiff's Attorney, through the Wayne County Friend of the Court, the office of the Michigan Attorney General, the Circuit Court of Wayne County Michigan, the Circuit Court of Cook County Illinois, or any other governmental agency or Court, and / or by any other means or from any other source, including but not limited to judgments, insurance policies, inheritance, gifts, lottery wins, payments made directly to the Plaintiff's children's college accounts, child support payments, reimbursement for joint marital debt, or from any other sources whatsoever, shall be shared evenly between the Plaintiff, Plaintiff's Attorney, the Receiver, and the Receiver's Attorney, (25% - 25% - 25% - 25% ) and shall be applied as a payment in such a way and amounts to the outstanding balance due to the Plaintiff, the Plaintiff's Attorney, the Receiver, and the Receiver's Attorney, continuing even after Receiver's Discharge and / or Receiver's Attorney's Discharge, and / or Plaintiffs Attorney' withdrawal, until all outstanding fees and expenses approved by this Court are paid in full.

We read the plain language of the order as a disbursement mechanism in the event any monies are received from defendant from any source. We do not read the language as stating that any receiver's or attorney's fees and costs should be added to defendant's Friend of the Court account or that any receiver's or attorney's fees and costs be characterized as child support and coded as such for payment from defendant. If that is what the Order Resolving Differences directed the parties or the Friend of the Court to do, that would be error because in determining or awarding child support, a trial court must follow the formula set forth in the Michigan Child Support Formula Manual. *Peterson*, 272 Mich App at 516, citing MCL 552.519(3)(a)(*vi*) and

-6-

MCL 552.605(2). When a trial court orders child support, MCL 552.605(2) mandates the following:

> Except as otherwise provided in this section, the court shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:
>
> (a) The child support amount determined by application of the child support formula.
>
> (b) How the child support order deviates from the child support formula.
>
> (c) The value of property or other support awarded instead of the payment of child support, if applicable.
>
> (d) The reasons why application of the child support formula would be unjust or inappropriate in the case.

"Thus, as required by MCL 552.605(2), when deviating from the formula, the trial court fulfills its statutory duty only when the court has articulated its rationale in accordance with subsection 2(a) through (d)." *Peterson*, 272 Mich App at 517. Although a court may modify a child support order "as the circumstances of the parents and the benefit of the children require," MCL 552.17(1), a child support order must rest on the application of the child support formula pursuant to legislative mandate. MCL 552.519(3)(a)(*vi*); *Ghidotti v Barber*, 459 Mich 189, 200; 586 NW2d 883 (1998). But in this case—on its face—the trial court's Order Resolving Differences does not seek payment of any receiver's or attorney's fees and costs as a "child support arrearage" and is therefore not inconsistent with the plain statutory language defining the methodology for child support calculation.

Finally, Section 5.10 "Debt Types" of the Michigan IV–D Child Support Manual referenced by Judge Halloran does not change the substance of our analysis. The trial court relied on the Section 5.10 of the Michigan IV–D Child Support Manual for the proposition that plaintiff (CP or custodial parent) cannot assign her right to collect attorney fees from defendant (AF or alleged father). Because the Order Resolving Differences does not contain any language creating an assignment of child support, but rather directs plaintiff, her attorney, the receiver, and the receiver's attorney regarding what to do with any monies received from defendant after receiving those funds from any source, we have not detected error with regard to Michigan IV–D Child Support Manual Section 5.10.

## C. NEW JUDGE

Lastly, the receiver argues that Judge Halloran's failure to adequately review the receiver's motions and his failure to properly adjourn or adjudicate all outstanding issues with

due deliberation showed an intent to dispatch with this case with improper haste in blatant disregard of the interests of receiver, the receiver's attorney, plaintiff, and plaintiff's attorney and evidenced bias. We conclude the issue moot because Judge Halloran has retired from the Third Circuit bench.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. No costs are awarded. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto